**BLUMENTHAL & NORDREHAUG**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, California 92037
(858) 551-1223
Fax: (858) 551-1232

Attorneys for Plaintiff Doug Pearson

FILED
08 MAR 19 PM 4:20
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: ___lr___ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUG PEARSON, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HOMECOMINGS FINANCIAL LLC, formerly known as HOMECOMINGS FINANCIAL NETWORK, INC.; and DOES 1 through 100, Inclusive,<br><br>Defendants. | Civil Action No. '08 CV 0515 H NLS<br><br>_CLASS ACTION_<br><br>COMPLAINT FOR:<br>(1) UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200 *et seq.*, |

## INTRODUCTION

1. COMES NOW, Plaintiff Doug Pearson ("Plaintiff"), individually and on behalf of all others similarly situated, bring this action as a class action against Defendant HOMECOMINGS FINANCIAL, LLC, formerly known as HOMECOMINGS FINANCIAL NETWORK, INC., and DOES 1 through 10, inclusive (hereinafter collectively referred to as "DEFENDANTS"), for violations of the Unfair Competition Law (Business & Professions Code § 17200, *et seq.*). Plaintiff alleges, based upon information and belief, except where otherwise stated, as follows:

## NATURE OF THE ACTION

2. This action is based on DEFENDANTS' business pattern and practice of unfairly, unlawfully and deceptively charging Plaintiff and every other member of the Class for prepayment penalties on residential loans, which were improperly imposed by DEFENDANTS in violation of the terms of a standard form residential loan agreement. DEFENDANTS imposed these prepayment penalties following a demand for payment in full on the loan pursuant to a due-on-sale clause. Plaintiff seeks restitution for all consumers throughout California who were charged a prepayment penalty upon the sale of the residential property securing the consumers' residential loan in systematic violation of the standard loan agreement.

## VENUE & JURISDICTION

3. Federal jurisdiction over this controversy is proper under 28 U.S.C. § 1332 because (i) the Plaintiff and the members of the Class are residents of California; (ii) HOMECOMINGS FINANCIAL, LLC, formerly known as HOMECOMINGS FINANCIAL NETWORK, INC. is and was a resident of Minnesota; (iii) the amount in controversy is reasonably expected to exceed $5 million when considering the operations of the DEFENDANTS, the number of borrowers of DEFENDANTS who sold their home in the last four years, and the amount of the prepayment penalty charged per person; and (iv) the action is brought as a class action under F.R.C.P. § 23.

Venue is proper within this judicial district pursuant because the Plaintiff is a resident of San Diego County, California and because the DEFENDANTS conduct a substantial amount of business in San Diego County, California.

## PARTIES

4. DOUG PEARSON is an individual residing in California who owned real property located at 2677 Villas Way, in San Diego, California 92108, which was subject to a residential loan agreement with HOMECOMINGS FINANCIAL NETWORK, INC. Plaintiff brings this action as an individual and on behalf of a class of similarly situated consumers, pursuant to California Business & Professions Code §17204. The claims of the Plaintiffs are typical and representative of the claims of the absent members of the Class in that DEFENDANTS charged Plaintiff for prepayment penalties during the sale of his residence securing the loan in violation of the standard loan agreement. The Plaintiffs paid these charges and thereby suffered a financial injury for which restitution from DEFENDANTS is required.

5. HOMECOMINGS FINANCIAL, LLC, was formerly known as HOMECOMINGS FINANCIAL NETWORK, INC. (hereinafter collectively referred to as "HOMECOMINGS") and HOMECOMINGS FINANCIAL, LLC is the successor interest to HOMECOMINGS FINANCIAL NETWORK, INC. HOMECOMINGS, is a limited liability company with a principal place of business in Minneapolis, Minnesota, and is authorized to do business and in fact does business in California.

6. Plaintiffs are unaware of the true names and capacities of the remaining DEFENDANTS sued in this action by the fictitious names DOES 1 through 10. Plaintiff will amend this complaint when those names and/or capacities become known to Plaintiff. Plaintiffs are informed and believe that each of the fictitiously named DOE DEFENDANTS is in some manner responsible for the events and allegations set forth in this complaint.

7. Plaintiff seeks restitution on behalf of a class defined all persons who, during the four years preceding the filing of this action and up until the date as determined by the Court, were

charged a prepayment penalty by DEFENDANTS on a loan secured by residential property that was prepaid in accordance with a due-on-sale clause. Excluded from the Class are all Defendants and all agents, attorneys, and employees of Defendants; all members of the California judiciary sitting in judgment of this case; all Plaintiffs' attorneys and their employees; and, all other persons within three degrees of consanguinity of the afore named Defendants, attorneys, employees and judges.

8. Each of the above named DEFENDANTS agreed among themselves to engage in a scheme for the purpose of increasing the revenues received by each of the DEFENDANTS. At all material times herein mentioned, each of the DEFENDANTS was the co-conspirator, joint venturer, successor, agent, aider & abettor, and/or employee of each of the remaining DEFENDANTS and was, at all relevant times, acting within the course and scope of such plan, conspiracy, successorship, joint venture, agency and employment. In doing the things alleged in the causes of actions stated herein, each and every defendant was acting within the course and scope of this agency or employment and was acting with the consent, permission and authorization of each of the remaining DEFENDANTS. All actions of each Defendant as alleged in the causes of action stated herein were ratified and approved by every other defendant or their officers or their managing agents.

## SUBSTANTIVE ALLEGATIONS

9. At all relevant times alleged herein, DEFENDANTS were in the business of making loan contracts for residential real property located in California. DEFENDANTS originates and/or procures mortgage loan contracts which contain standard covenants and conditions, and as a result, the applicable language in all of the Class members' loan contracts is uniform. Plaintiff had a loan contract with HOMECOMINGS which contains the standard form language prohibiting the imposition of prepayment penalties when the residential property loan was prepaid in full pursuant to a due-on-sale clause, which reads in relevant part as follows:

> Notwithstanding the foregoing, in no event shall Note Holder impose a prepayment penalty when the Note Holder declares by written notice that this Note is due pursuant to a due-on-sale clause, when the Note holder commences a judicial or non-judicial foreclosure proceeding to enforce a due-on-sale clause or to seek payment in full as

a result of invoking such clause, or as otherwise prohibited by applicable law or regulation.

10. On or about June, 2007, Plaintiff Doug Pearson informed HOMECOMINGS of his intent to transfer ownership of the residential real property which secured his loan with HOMECOMINGS. HOMECOMINGS provided written notice of the amount due pursuant to the due-on-sale clause. Plaintiff Doug Pearson paid HOMECOMINGS the amount declared due on the loan pursuant to the due-on-sale clause. In addition to the amount due to payoff the amount due on the loan on the loan pursuant to the due-on-sale clause, HOMECOMINGS unfairly and deceptively charged Plaintiff Doug Pearson a prepayment penalty in the amount of $17,194.88. In order to effectuate the sale of his residence, Plaintiff Doug Pearson paid HOMECOMINGS the imposed prepayment penalty in the amount of $17,194.88 on or about August 1, 2007. Plaintiff Doug Pearson now seeks, by way of this lawsuit, restitution of prepayment penalties paid by himself and the putative class members to HOMECOMINGS.

11. As a systematic and uniform practice, DEFENDANTS unfairly and deceptively charged Plaintiff and the other members of the Class alleged herein prepayment penalties when the residential property loan was prepaid in full pursuant to a due-on-sale clause, in violation of the loan agreement. The members of the Class alleged herein each had an identical loan provision with DEFENDANTS which prohibited imposition of prepayment penalties when the residential property loan was prepaid in full pursuant to a due-on-sale clause which DEFENDANTS never renounced.

12. When the members of the alleged Class notified DEFENDANTS of their intent to transfer ownership of the residential real property which secured their loans, DEFENDANTS provided written notice of the amount due pursuant to the due-on-sale clause. Contrary to the loan agreement and in systematic violation of their voluntary obligations, DEFENDANTS uniformly, deceptively and unfairly charged each member of the alleged Class a prepayment penalty in addition to the amount due to payoff the amount due on the loan pursuant to the due-on-sale clause. In order to effectuate the sale of their residences, the members of the alleged Class were each forced to pay DEFENDANTS the imposed prepayment penalty as demanded by the DEFENDANTS under the due on sale clause. Plaintiff Doug Pearson now seeks, by way of this lawsuit, restitution of unfairly

and deceptively charged prepayment penalties paid by himself and the alleged class members to DEFENDANTS.

13. DEFENDANTS have retained the funds obtained from Plaintiff Doug Pearson and the other members of the putative class as prepayments penalties.

14. Plaintiff and every other member of the alleged Class suffered an injury in fact and suffered loss of money through their payment of a prepayment penalty in violation of the standard form loan agreement and the voluntary obligations agreed to by the DEFENDANTS.

## CLASS ALLEGATIONS

15. Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure as a class action on Plaintiff and on behalf of the following Class defined as:

> ALL INDIVIDUALS WHO DURING THE FOUR YEARS PRECEDING THE FILING OF THIS ACTION TO AND INCLUDING A DATE TO BE DETERMINED BY THE COURT WERE CHARGED A PREPAYMENT PENALTY BY DEFENDANTS WHEN THEIR TRANSFER THE OWNERSHIP OF RESIDENTIAL REAL PROPERTY IN CALIFORNIA RESULTED IN A LOAN PAYOFF UNDER THE DUE-ON-SALE CLAUSE

Excluded from the Class are Defendants, any parent, subsidiary of affiliate of Defendants, and their officers, directors, and employees of Defendants, and any judicial officer who may preside over this cause of action.

16. The requirements for maintaining this action as a class action are satisfied in that:

   a. It is impracticable to bring all members of the Class before the Court. Plaintiff estimates that there are thousands of Class Members geographically spread throughout California. Attempting to join and name each Class member as a co-plaintiff would be unreasonable and impracticable.

   b. There are questions of law and fact common to the Class, which are identical for each member of the Class and which predominate over the questions affecting the individual Class members, if any. Among these common questions of law and fact are:

(i) Whether DEFENDANTS' conduct of imposing a prepayment penalty on the Class systematically violated the terms of the standard form loan contract;

(ii) Whether DEFENDANTS' conduct of imposing a prepayment penalty on the Class violated the obligations voluntarily assumed by DEFENDANTS;

(iii) Whether DEFENDANTS' conduct was deceptive within the meaning of Business & Professions Code § 17200, et seq.;

(iv) Whether DEFENDANTS' conduct was unfair within the meaning of Business & Professions Code § 17200, et seq.;

(v) Whether the DEFENDANTS engaged in a uniform corporate policy of imposing prepayment penalties in the event a loan was paid off due to a borrower's conveyance of ownership in the real property; and/or,

(vii) Whether the DEFENDANTS received and/or retained revenue acquired through the practice alleged herein.

c. The claims of the representative Plaintiff are typical of the claims of the Class in that the Plaintiff had a residential real property loan with HOMECOMINGS that was secured by residential real property in California and was charged and paid prepayment penalties on or about August 1, 2007 when paying off his loan during the transfer of ownership of the residential real property. The claims of both the named Plaintiff and the claims of all other Class members result from DEFENDANTS' practice of charging substantial prepayment penalties following a demand for payment in full on the loan pursuant to a due-on-sale clause.

d. The claims of the representative Plaintiff will fairly and adequately protect the interests of the Class. The Class interests are coincident with, and not antagonistic to, those of the Plaintiff. Furthermore, Plaintiff has retained and is represented by experienced class action counsel.

17. In this action, Plaintiff and the Class seek all relief for which class-wide relief is available under applicable law, including but not limited to restitution. There can be no manageability problems due to variations in state laws or choice of law provisions because the Class is limited to only those personas whose real property was located in California and their standard loan contract with DEFENDANTS uniformly and voluntarily agrees to be controlled by the same applicable law.

18. A class action is superior to any other available methods for the fair and efficient adjudication of this controversy. The amount of each individual claim is too small to warrant individual litigation. Even if any group of class members itself could afford individual litigation, such a multitude of individual litigation would be unduly burdensome to the courts in which the individual litigation would proceed. The class action device is preferable to individual litigation because it provides the benefits of unitary adjudication, economies of scale, and comprehensive adjudication by a single court. The class action device is also warranted to prevent inconsistency of decisions between courts concerning the same contract language and same applicable law. Finally, class wide litigation will insure that wrong doers do not retain the ill-gotten gains acquired through their wrongful conduct.

19. A certified Class is appropriate because Defendants have uniformly acted or refused to act on grounds generally applicable to the class, thereby making appropriate final relief with respect to the Class as a whole. The common questions of law and fact predominate over individual questions because all injuries sustained by any member of the Class arise out of the singular conduct of the DEFENDANTS in uniformly imposing and unfairly and deceptively charging prepayment penalties in violation of their voluntarily assumed contractual obligations and in systematic breach of the standard loan contract.

## FIRST CAUSE OF ACTION

### FOR UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17200, *et seq.*
(Against All Defendants)

20. Plaintiff repeats, incorporates by reference and realleges the allegations contained in Paragraphs 1-19 above as if fully set forth herein.

21. California law defines unfair competition to include any "unfair," "unlawful," or "fraudulent" business act or practice. California Business & Professions Code § 17200. "Unlawful" business acts are those which are in violation of court made law, federal, state, county, or municipal statutes or codes, and/or well as federal and state regulations. "Unfair" business acts are those which offend an established public policy or are immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. "Fraudulent" or "deceptive" business practices are those which are likely to deceive members of the public. The systematic violation of standard contract terms in order to reap a profit has been held to violate Business & Professions Code § 17200.

22. The acts and/or practices of DEFENDANTS constitute "unfair" business practices because DEFENDANTS systematically violated terms in a standard form agreement and voluntarily assumed obligations, and unfairly charged borrowers for prepayment penalties as to which DEFENDANTS had no right to charge. DEFENDANTS systematically violated such term and obligations in order to reap a substantial profit, at the expense of the borrowers. The systematic violation of standard terms in a consumer contract as alleged herein has been uniformly held by courts to constitute actionable unfair competition.

23. The acts and/or practices of DEFENDANTS constitute "fraudulent" or "deceptive" business practices because DEFENDANTS' practices are likely to deceive a reasonable consumer. Plaintiff, like every other member of the class, was informed by DEFENDANTS that a prepayment penalty would not be charged following the payment in full of the loan pursuant to the due-on-sale clause. Contrary to this uniform written representation, DEFENDANTS deceptively charged Plaintiff and the other members of the class a prepayment penalty following the payment in full of the loan pursuant to the due-on-sale clause. Further, the acts and/or practices of DEFENDANTS were intended to result and did result in the payment of

substantial penalties by members of the Class, resulting in substantial revenue to the DEFENDANTS at the expense of the members of the Class.

24. Through these practices, DEFENDANTS maintain an unfair business advantage over competitors who follow the law and observe their contractual obligations.

25. Plaintiff, as a representative of a class of persons with common or general interest, is entitled to bring an action as to DEFENDANTS' wrongful practices and to obtain restitution for the monies acquired by DEFENDANTS through such wrongful practices. Plaintiff is authorized to bring such action on behalf of the class of people with common or general interest, pursuant to California Business & Professions Code § 17200, et. seq.

26. As a direct and proximate result of DEFENDANTS's acts and/or practices of unfair competition, Plaintiff individually lost money, and the members of the Class also lost money in the form of the prepayment penalties charged by DEFENDANTS. These substantial monies were received by DEFENDANTS and retained by DEFENDANTS, at the expense of Plaintiff and the members of the Class. Plaintiff requests this Court order, as it is empowered to order, restitution to all persons from whom DEFENDANTS unfairly or deceptively charged such penalties.

**PRAYER**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against DEFENDANTS as follows:

1. Certify this action as a class action;

2. Award restitution of the prepayment penalties charged by DEFENDANTS to the members of the Class in an amount to be proven at trial;

3. Order declaratory relief finding that Defendants have engaged in unlawful, unfair and/or deceptive business practices.

4. Award pre-judgment and post-judgment interest at the maximum rate allowed by law and costs of suit;

5. Award Plaintiff attorneys' fees and all litigation expenses as allowable by law. Alternatively, for all attorneys' fees and all litigation expenses to be awarded pursuant to the substantial benefit doctrine or other authority requiring Defendants to pay Plaintiff's attorneys' fees and litigation expenses. Alternatively, for attorneys' fees and other litigation expenses to be paid under the common fund doctrine or any other provision of law; and

6. Order such other and further relief as the Court may deem just and proper in its equitable discretion under applicable law.

Dated: March 11, 2008

**BLUMENTHAL & NORDREHAUG**

By: _____
Norman B. Blumenthal, Esq.
Attorneys for Plaintiff

K:\D\NBB\Pearson\p-complaint-FINAL.wpd

```
            UNITED STATES
            DISTRICT COURT
         SOUTHERN DISTRICT OF CALIFORNIA
              SAN DIEGO DIVISION

            #  148950      -  SH

              March 19, 2008
                16:20:12


             Civ Fil Non-Pris
      USAO #.: 08CV0515
      Judge..: MARILYN L HUFF
      Amount.:                  $350.00 CK
      Check#.: BC11387



          Total->   $350.00


      FROM: PEARSON V. HOMECOMINGS FINANCI
```

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DOUG PEARSON, an individual, on behalf of himself, and on behalf of all persons similarly situated,

(b) County of Residence of First Listed Plaintiff: San Diego Cty., CA
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Norman B. Blumenthal, Esq., (SB #068687), Blumenthal & Nordrehaug, 2255 Calle Clara, La Jolla, CA 92037, Tel: 858-551-1223

## DEFENDANTS
Homecomings Financial LLC, formerly known as Homecomings Financial Network, Inc.; and DOES 1 through 100, Inclusive,

County of Residence of First Listed Defendant: Hennepin County, MN
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

FILED 08 MAR 19 PM 4:18
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

08 CV 0515 H NLS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability / ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C 1332

Brief description of cause:
Class action based upon violations of Cal. Business & Professions Code 17200

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ In excess of $5 million
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: 03/11/2008
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 148950    AMOUNT $350    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

SM 3/19/08

CR