LOCKE LORD BISSELL & LIDDELL LLP
John M. Hochhausler (SBN: 143801)
jhochhausler@lockelord.com
Cory A. Baskin (SBN: 240517)
cbaskin@lockelord.com
300 South Grand Avenue, Eighth Floor
Los Angeles, California 90071-3119
Telephone: 213.485.1500
Facsimile: 213.431.1500

Thomas J. Cunningham (*pro hac vice* application pending)
tcunningham@lockelord.com
Simon Fleischmann (*pro hac vice* application pending)
sfleischmann@lockelord.com
111 South Wacker Drive
Chicago, Illinois 60606-4410
Telephone: 312-443-0462
Facsimile: 312-896-6471

Attorneys for Defendant
HOMECOMINGS FINANCIAL, LLC
*f/k/a* HOMECOMINGS FINANCIAL NETWORK, INC.

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA 90071-3119

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

DOUG PEARSON, an individual, on behalf of himself, and on behalf of all persons similarly situated,

Plaintiff,

vs.

HOMECOMINGS FINANCIAL LLC, formerly known as HOMECOMINGS FINANCIAL NETWORK, INC.; and DOES 1 through 100, Inclusive,

Defendants.

CASE NO. 08 CV 0515 H NLS

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

**[Fed. R. Civ. P. Rule 12 (b)(6)]**

**Date: June 16, 2008**
**Time: 10:30 a.m.**
**Place: Courtroom 13**

**Hon. Marilyn L. Huff**

Defendant Homecomings Financial, LLC *f/k/a* Homecomings Financial Network, Inc. ("Homecomings") submits the following memorandum of points and authorities in support of its

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion"), and states as follows:

**INTRODUCTION**

Plaintiff's Complaint should be dismissed for failure to state a claim. Plaintiff has sued Homecomings, on behalf of himself and all others similarly situated, alleging that Homecomings pursues a "systematic and uniform" practice of fraudulently deceiving customers by charging a prepayment penalty on residential mortgage loans in violation of the terms of the loan agreements. Plaintiff alleges that Homecomings charged him such a prepayment penalty when he paid his loan under a due-on-sale clause. Plaintiff contends that this must be a standard practice because Homecomings uses form loan documents, but makes no allegations with regard to any specific payment of prepayment penalties by any other person than himself. Because Plaintiff's claim sounds in fraud, it must satisfy the particularity standard of Rule 9(b). The lack of any allegations with regard to any transaction other than Plaintiff's is fatal to his contention that Homecomings has engaged in any "customary practice" sufficient to support a claim pursuant to California's Unfair Competition Law, Bus. & Prof. Code § 17200, *et seq.* ("UCL").

More important, however, is Plaintiff's written agreement with Homecomings that before he would bring any claim premised on a breach of their agreement he would first provide written notice of the breach to Homecomings and provide Homecomings with an opportunity to remedy that breach. Plaintiff made no effort to provide that notice or otherwise avail himself of the grievance resolution procedure set forth in the parties' agreement. Following those procedures is a necessary condition precedent to bringing this lawsuit. Because Plaintiff has failed to give Homecomings advance notice of his belief that Homecomings breached its contract with him and the opportunity to cure that purported breach, as he agreed to do, Homecomings' Motion to Dismiss should be granted.

**STANDARD FOR MOTION TO DISMISS**

A plaintiff must allege sufficient facts to support the allegations in the complaint and state a plausible claim that rises above a speculative level in order to avoid dismissal under

Rule 12(b)(6). *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). A statement of fact that "merely creates a suspicion [of] a legally cognizable right of action" is not sufficient to survive a motion to dismiss. *Id.* Conclusory allegations and legal conclusions cannot defeat a motion to dismiss. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994)*; see also Spiegler v. Home Depot USA, Inc.*, 2008 U.S. Dist. LEXIS 33480, *12-13 (C.D. Cal. Apr. 9, 2008) (granting motion to dismiss UCL claims).

**ALLEGATIONS IN THE COMPLAINT**

Plaintiff's allegations of fact are rather limited and may be found only in paragraphs nine and ten of his Complaint. Plaintiff and Homecomings were parties to a loan transaction secured by residential real property in California. (Complaint at ¶ 9.) Plaintiff alleges his "loan contract" with Homecomings contained language "prohibiting the imposition of prepayment penalties when the residential property loan was prepaid in full pursuant to a due-on-sale clause." (Complaint at ¶ 9.) Plaintiff further alleges that, "[o]n or about June, 2007," he informed Homecomings that he intended to sell his home. (Complaint at ¶ 10.) Homecomings then provided Plaintiff with written notice of the payoff amount, allegedly under the due-on-sale clause stated in the loan agreement. (Complaint at ¶ 10.) Homecomings also charged Plaintiff a prepayment penalty in the amount of $17,194.88. (Complaint at ¶ 10.) Plaintiff paid the prepayment penalty on August 1, 2007. (Complaint at ¶ 10.) Plaintiff now brings this class action seeking restitution of prepayment penalties paid by himself and putative class members, for loans where prepayment penalties were charged despite "loan contract" terms prohibiting prepayment penalties for payments made under a due-on-sale clause. (Complaint at ¶ 10.)

Every other allegation against Homecomings is pure speculation. Plaintiff alleges no facts to establish that Homecomings' alleged conduct was part of any "systematic and uniform practice" of "unfairly and deceptively" charging prepayment penalties "in violation of the loan agreement." (Complaint at ¶ 11.) Plaintiff alleges in the most conclusory fashion possible that Homecomings entered into an agreement with other unnamed Defendants "to

**Locke Lord Bissell & Liddell LLP**
**300 South Grand Avenue, Eighth Floor**
**Los Angeles, CA, 90071-3119**

engage in a scheme for the purpose of increasing the revenues…" (Complaint at ¶ 8.) Not one fact is alleged to support Plaintiff's mechanical recitation of the pleading requirements to establish a basis for class relief under Federal Rule of Civil Procedure 23. (Complaint at ¶¶ 15-19.) Plaintiff fails to allege any facts to show that Homecomings has charged similar fees to any other customer in any other loan transaction. Even assuming the truth of the facts regarding Plaintiff's individual loan transaction, not a single fact is alleged to establish that Plaintiff's contract grievance is anything other than an isolated incident. Accordingly, such facts should not be accepted as true for purposes of Homecomings' Motion.

## ARGUMENT

### I. PLAINTIFF'S LOAN AGREEMENT WITH HOMECOMINGS CONTAINS A CURE PROVISION THAT MUST BE EXHAUSTED PRIOR TO THE COMMENCEMENT OF ANY JUDICIAL ACTION SUCH AS THE PRESENT CASE.

Plaintiff's claim against Homecomings is based on his allegation that Homecomings violated the terms of the parties' written "loan agreement." Plaintiff does not attach the loan agreement to the complaint, but he relies on its terms as the basis for his claim. Accordingly, Homecomings attaches the following agreements between the parties to its Motion, which together make up the "Loan Agreement" between the parties:

1. Adjustable Rate Note dated August 5, 2005, executed by Douglas R. Pearson and delivered to Homecomings Financial Network, Inc., in the original principal amount of $547,500.00 (the "Note"); and

2. Deed of Trust dated August 5, 2005, executed by Douglas R. Pearson and delivered to Homecomings Financial Network, Inc., covering certain real property commonly known as 2677 Villas Way, San Diego, California 92108 (the "Deed of Trust").

The Declaration of Judy Faber, Servicing Manager of Homecomings, filed in support of and concurrently with Homecomings' Motion to Dismiss, authenticates true and correct copies of the Note and Deed of Trust, which are attached to said Declaration as Exhibits A and B, respectively. The Note and Deed of Trust are collectively referred to herein as the "Loan Agreement." The Loan Agreement is properly considered part of the pleadings because Plaintiff necessarily relies on it to support his claim that Homecomings' violated the

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

Loan Agreement by charging a prepayment penalty. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). Moreover, where the terms of a written agreement that is part of the pleadings conflict with the allegations in a complaint, the written agreement controls. *Banis Restaurant Design, Inc. v. Serrano*, 134 Cal. App. 4th 1035, 1045 (2005).

The Loan Agreement contains a grievance resolution procedure that requires Plaintiff to provide written notice to Homecomings and an opportunity to cure any alleged breach of any part of the Loan Agreement. (Ex. 1-B at § 20.) That provision provides, in relevant part:

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action.

(Ex. 1-B at § 20.) All such notices must be in writing. (Ex. 1-B at § 15.) Accordingly, Plaintiff expressly agreed to provide Homecomings with written notice and a reasonable opportunity to take corrective action before commencing "any judicial action" based on his allegation that Homecomings improperly charged a prepayment fee under the Loan Agreement.

In California, "where the terms of [a] contract are plain and unambiguous, courts have a duty to enforce the contract as agreed upon by the parties." *Baskin-Robbins, Inc. v. Taj California, Inc.*, 2003 U.S. Dist. LEXIS 19946, *61-62 (C.D. Cal. 2003); *BTA, Inc. v. Atlantic Mut. Ins. Co.*, 1999 U.S. Dist. LEXIS 9330, *7 (N.D. Cal. 1999). In addition, the California Civil Code provides that "[w]hen a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible." Cal. Civ. Code § 1639; *BTA, Inc.*, 1999 U.S. Dist. LEXIS 9330 at *6-7.

A notice and cure provision, such as the one at issue in this case, is a valid and enforceable contract term. *See Gueyffier v. Ann Summers, Ltd.*, 50 Cal. Rptr. 3d 294, 313 (2d

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

Dist. 2007) (enforcing notice and cure provision in franchise agreement), *review granted*, 53 Cal. Rptr. 3d 802 (Cal. Jan. 17, 2007); *California State Auto. Assoc. Inter-Ins. Bureau v. Pol'y Mgmt. Systems Corp.*, 1996 U.S. Dist. LEXIS 21823, *19-21 (N.D. Cal. 1996) (upholding notice and cure provision, but denying summary judgment due to fact issue regarding waiver).

In this case, the Loan Agreement contains a clear and unambiguous term requiring Plaintiff to provide notice to Homecomings of the alleged breach and time for Homecomings to take corrective action. The notice and cure provision is a prerequisite for Plaintiff to take any judicial action against Homecomings for any reason relating to the alleged breach. In the absence of allegations to establish that Plaintiff complied with the notice and cure provision under the Loan Agreement Plaintiff may not assert claims against Homecomings in this Court or any other judicial forum. Accordingly, Plaintiff's Motion should be granted.

## II. PLAINTIFF FAILS TO PLEAD HIS CLAIM WITH SUFFICIENT PARTICULARITY TO SATISFY RULE 9(B).

Motions to dismiss should be granted where a complaint lacks sufficient facts to raise the plaintiff's right to relief above a speculative level. *See Twombly*, 127 S. Ct. at 1964-65. In *Stewart v. Life Insurance Company of North America*, the court stated that "[a]n unsupported opinion as to an alleged customary practice is insufficient to establish that [defendant] engaged in any act or practice that could be interpreted as an unfair business practice under § 17200." 388 F. Supp. 2d 1138, 1144 (E.D. Cal. 2005).

This is particularly true where, as here, a claim sounds in fraud. In such cases, the heightened pleading standard of Federal Rule of Civil Procedure 9(b) applies. Fed. R. Civ. P. 9(b); s*ee Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103, 1105 (9th Cir. 2003) (disregarding UCL claims that sounded in fraud but failed to meet the heightened pleading requirements of Rule 9(b)); *Stickrath v. Globalstar, Inc.*, 527 F. Supp. 2d 992, 997 (N.D. Cal. 2007).

Claims sound in fraud when they "allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim." *Vess*, 317 F.3d at 1103-04.

Here, Plaintiff's class action claim sounds in fraud because it relies on the allegation that Homecomings' alleged practices "constitute 'fraudulent' or 'deceptive' business practices because Defendants' practices are likely to deceive a reasonable customer." (Complaint at ¶ 23.) Therefore, Rule 9(b) applies. *Id.* at 1105.

Under Rule 9(b), allegations sounding in fraud must "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations" in order to survive dismissal. *Stickrath*, 527 F. Supp. 2d at 998 (quoting *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392-93 (9th Cir. 1988)). However, the Complaint in this case fails to provide the necessary details to satisfy Rule 9(b). Plaintiff provides no facts whatsoever, much less particular allegations, to establish that "Each of the above named Defendants agreed among themselves to engage in a scheme for the purposes of increasing revenues received by each of the Defendants." (Complaint at ¶ 8.) In addition, the Complaint fails to plead particular facts regarding the date, time and content of Plaintiff's alleged notification that he intended to transfer ownership of his home to another party, or the content of Homecomings' alleged demand for payment under the due-on-sale clause. (Complaint at ¶ 10.) This is information is necessary to determine whether Plaintiff's payment to Homecomings complied with the terms of the due-on-sale clause in the Note, which provides a specific procedure for notice, demand and payment in order to get relief from a prepayment penalty. (Ex. 1-A at § 11.) Moreover, not a single fact is alleged to establish that Homecomings is engaged in any "systematic and uniform practice" of deceiving its customers as alleged throughout the Complaint. Indeed, the Complaint lacks any facts to establish anything other than Plaintiff may have a grievance with Homecomings that must first be submitted in writing with a reasonable opportunity for Homecomings to take corrective action. (Ex. 1-B at § 20.) The Complaint should be dismissed as a result of Plaintiff's failure to provide sufficient particular facts to satisfy Rule 9(b). Accordingly, Plaintiff's Complaint should be dismissed under Rule 9(b).

///

///

**Locke Lord Bissell & Liddell LLP**
**300 South Grand Avenue, Eighth Floor**
**Los Angeles, CA, 90071-3119**

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

## CONCLUSION

For all of the foregoing reasons, Defendant Homecomings Financial LLC's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted.

Dated: May 15, 2008

Respectfully Submitted,

LOCKE LORD BISSELL & LIDDELL LLP

By: s/Cory A. Baskin
John M. Hochhausler
Cory A. Baskin
Attorneys For Defendant HOMECOMINGS FINANCIAL, LLC *f/k/a* HOMECOMINGS FINANCIAL NETWORK, INC.