1

**BLUMENTHAL & NORDREHAUG**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, California 92037
(858)551-1223
Fax: (858) 551-1232

Attorneys for Plaintiff Doug Pearson

2

3

4

5

6

7

8

9            **UNITED STATES DISTRICT COURT**

10         **SOUTHERN DISTRICT OF CALIFORNIA**

11

12

| | |
|---|---|
| DOUG PEARSON, an individual, on behalf of himself, and on behalf of all persons similarly situated, | Civil Action No. **08 cv 0515  H  NLS** |
| | *CLASS ACTION* |
| Plaintiff, | |
| | PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS |
| vs. | |
| HOMECOMINGS FINANCIAL LLC, formerly known as HOMECOMINGS FINANCIAL NETWORK, INC.; and DOES 1 through 100, Inclusive, | Date:  June 16, 2008 Time: 10:30 a.m. |
| Defendants. | Judge: Hon. Marilyn L. Huff Courtroom 13 |

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF CONTENTS

I.      INTRODUCTION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     RELEVANT ALLEGATIONS WHICH MUST BE ACCEPTED AS TRUE . . . . . . . . . 3

III.    LEGAL STANDARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IV.     LAW & ANALYSIS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        A.    THE UCL CLAIM IS NOT SUBJECT TO A MOTION TO DISMISS
              BASED UPON THE CURE PROVISION OF A CONTRACT . . . . . . . . . . . . . . 6

        B.    IF SO APPLIED, THE CURE PROVISION WOULD OPERATE AS
              AN UNCONSCIONABLE CLASS ACTION WAIVER . . . . . . . . . . . . . . . . . . 9

        C.    IN ANY EVENT, THE EVIDENCE WILL SHOW THAT PLAINTIFF
              PROVIDED NOTICE OF HIS DISPUTE TO DEFENDANT BUT
              RECEIVED NO CORRECTIVE ACTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

        D.    THE UCL CLAIM IS SUFFICIENTLY PLED  . . . . . . . . . . . . . . . . . . . . . . . . 12

V.      CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

1

## TABLE OF AUTHORITIES

2

**Cases:**

3

4 American Online v. Superior Court,
      90 Cal. App. 4th 1 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1, 9, 10

5
  Arcade Water Dist. v. United States,
6     940 F.2d 1265 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

7 Aron v. U-haul Co.,
      143 Cal.App.4th 796 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12-13

8 Balistreri v. Pacifica Police Dep't,
      901 F.2d 696 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5
9
  Bank of the West v. Superior Court,
10    2 Cal.4th 1254 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5-6

11 Blakemore v. Superior Court,
      129 Cal. App. 4th 36 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13
12
  Cahill v. Liberty Mut. Ins. Co.,
13    80 F.3d 336 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

14 Californians for Disability Rights v. Mervyn's, LLC,
      39 Cal. 4th 223 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13
15
  Cal. State Auto. Assn. v. Policy Management Systems Corp.,
16    1996 U.S. Dist. Lexis 21823 (N.D. Cal. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

17 Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.,
      20 Cal. 4th 163 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6
18
  Chern v. Bank of America,
19    15 Cal. 3d 866 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

20 Committee on Children's Television v. General Foods Corp.,
      35 Cal. 3d 197 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2, 6, 7, 12, 14
21
  Conley v. Gibson,
22    355 U.S. 41 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

23 Corbett v. Superior Court,
      101 Cal. App. 4th 649 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13
24
  Cortez v. Purolater Air Filtration,
25    23 Cal 4th 163 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

26 Cruz v. Beto,
      405 U.S. 319  (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5
27

28

ii

Discover Bank v. Superior Court,
  36 Cal. 4th 148 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 9, 10

Doe v. United States,
  58 F.3d 494 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Elwood v. Aid Ins. Co.,
  880 F.2d 204 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 9

Fletcher v. Security Pacific Nat'l Bank,
  23 Cal. 3d 442 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Gompper v. VISX, Inc.,
  298 F.3d 893 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Gueyffier v. Ann Summers,
  144 Cal. App. 4th 166 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8

Hal Roach Studios, Inc. v. Richard Feiner & Co.,
  896 F.2d 1542 (9th Cir. 1990)5

Lee v. City of Los Angeles,
  250 F.3d 668 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Lowden v. T-Mobile USA, Inc.,
  512 F.3d 1213 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 9

Mass. Mutual Life Ins. Co. v. Superior Court,
  97 Cal. App. 4th 1282 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

No. 84 Employer-Teamster Joint Council Pension Trust Fund v. Am. West Holding Corp.,
  320 F.3d 920 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

People ex rel. Mosk v. National Research Co.,
  201 Cal. App. 2d 765 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

People v. McKale,
  25 Cal. 3d 626 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

Prata v. Superior Court,
  91 Cal. App. 4th 1128 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

State Farm Fire and Casualty Co. v. Superior Court,
  45 Cal. App. 4th 1093 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Stop Youth Addiction Inc. v Lucky Stores, Inc.,
  17 Cal.4th 553 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Vasquez v. Superior Court,
  4 Cal.3d 800 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Vess v. Ciba-Geigy Corp. USA,
  317 F.3d 1097 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Williams v. Gerber,
    2008 U.S. App Lexis 8599 (9th Cir. April 21, 2008)  . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

**Statutes Rules and Regulations:**

12 C.F.R. § 591.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

California Business & Professions Code § 17200 . . . . . . . . . . . . . . . . . . . . . . . . .  1, 2, 4, 5, 6, 13

California Business & Professions Code § 17203 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6, 7

California Business & Professions Code § 17204 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6, 7

California Civil Code §1440 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

California Civil Code §1441 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

California Civil Code § 1501 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

California Civil Code §1511 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

California Civil Code §1515 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

California Civil Code §1670.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

Federal Rules of Civil Procedure, rule 9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1, 2

Federal Rules of Civil Procedure, rule 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

PLAINTIFF'S MEMORANDUM OF P&A IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**08 cv 0515  H  NLS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    INTRODUCTION

This case is quite simple and straightforward.  Plaintiff Doug Pearson ("Plaintiff") contends that he was charged a prepayment penalty, and that Defendant Homecomings Financial's business practice in imposing this prepayment penalty was an unlawful, unfair and/or deceptive business practice, and therefore actionable under California Business & Professions Code § 17200, et seq. (the "UCL").  Defendant Homecomings Financial ("Defendant") now moves to dismiss arguing that (1) the Plaintiff may not sue under the UCL because of the notification provision in the Plaintiff's Deed of trust, and (2) the Complaint fails to satisfy the particularity standard of Rule 9(b).  Defendant's motion is without merit.

Defendant's argument concerning the notification provision in the Deed of Trust fails for multiple reasons.  First, Defendant's motion ignores of fundamental point which is that Plaintiff has brought a statutory claim under the UCL, not a claim for breach of contract.  The two unpublished cases cited by Defendant's motion deal exclusively with claims for breach of contract, and Defendant fails to cite to a single case which holds that such a notification provision applies to bar prosecution of a statutory UCL action.[1]  Second, Defendant is unable to provide this Court with authority for Defendant's argument with respect to the UCL because no decision so holds.  If accepted as true, Defendant's argument would operate as an unconscionable class action waiver.  Under California law, such a class action waiver in  consumer contract is unenforceable, unconscionable and against public policy.  See Lowden v. T-Mobile USA, Inc., 512 F.3d 1213, 1219 (9th Cir. 2008) ("class action waiver is invalid"); Discover Bank v. Superior Court, 36 Cal. 4th 148, 163 (2005) ("class action waivers are unconscionable under California law and should not be enforced"); American Online v. Superior Court, 90 Cal. App. 4th 1, 18 (2001).  Third, Defendant's argument is in the context of a factual issue of whether Plaintiff complied with the notification

---

[1]  Review was granted in Gueyffier v. Ann Summers, 144 Cal. App. 4th 166 (2006), which cannot be cited or relied upon for precedent as to California law.  Defendant's citation to this unpublished decision is therefore improper.  Elwood v. Aid Ins. Co., 880 F.2d 204, 208 n.4 (9th Cir. 1989) (refusing to consider unpublished California decision.

1

provision of the contract. This factual dispute is a matter outside the pleadings that is inappropriate for a motion to dismiss.[2] Fourth, as set forth in the accompanying Declaration, Plaintiff does in fact dispute the Defendant's claim that notification was not made. In fact, Plaintiff repeatedly provided written notification to the Defendant and sought to resolve the dispute before initiating this lawsuit. See Pearson Declaration ¶2-¶5.

Defendant's other argument concerning the sufficiency of the UCL allegations is also entitled to short shrift. The UCL prohibits any "unlawful, unfair, or fraudulent business act or practice." Cal. Business & Professions Code § 17200. "Fraud is not an essential element of a claim under" the UCL. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1105 (2005). Here, Plaintiff's UCL claim asserts that Defendant's practice was unlawful, unfair and "likely to deceive" consumers, which is the standard for a finding of deception under the UCL. Committee on Children's Television v. General Foods Corp., 35 Cal. 3d 197, 211 (1983). The "likely to deceive" standard does not require actual deception or reliance. Id. Therefore, the heightened pleading requirements of Rule 9 do no apply to Plaintiff's UCL claim. Moreover, even if the heightened pleading standard was applied, Plaintiff's allegations satisfy the Rule 9 standard. The Complaint sufficiently alleges that the loan documents represented that the prepayment penalty would not be charged in the event of a sale, however, when the sale of his home occurred, on or about August 1, 2007, Plaintiff was required to pay a prepayment penalty. (Complaint at ¶9-¶10). This is the only deception alleged and sufficiently states a claim under the UCL.

For the reasons set forth herein, Plaintiff respectfully requests that this Court deny the Defendant's motion to dismiss.

---

[2] Factual disputes are properly decided in the context of summary judgment motion and/or trial, and not in the context of judgments on the pleadings as there may also be factual reasons for the acts of Plaintiff that excuse compliance with a contract provision (e.g. futility, substantial compliance, impossibility, impracticability, excuse, waiver, etc...) See e.g. Cal. Civil Code §1440, §1441, § 1501, §1511, §1515, and §1670.5. Discovery will prove that even when requested, Defendant never waived this payment as a matter of company policy rendering the request a useless act.

## II.    RELEVANT ALLEGATIONS WHICH MUST BE ACCEPTED AS TRUE

The instant action is not a claim for breach of contract, but rather involves whether Defendants' practice complies with California law:

> DEFENDANTS' business pattern and practice of unfairly, unlawfully and deceptively charging Plaintiff and every other member of the Class for prepayment penalties on residential loans... Plaintiff seeks restitution for all consumers throughout California who were charged a prepayment penalty upon the sale of the residential property...

(Complaint at ¶2 [Doc. No. 1].)

With respect to Plaintiff Doug Pearson, the Complaint sets forth the facts of his UCL claim with detail and particularity:

> On or about June, 2007, Plaintiff Doug Pearson informed HOMECOMINGS of his intent to transfer ownership of the residential real property which secured his loan with HOMECOMINGS.  HOMECOMINGS provided written notice of the amount due pursuant to the due-on-sale clause.  Plaintiff Doug Pearson paid HOMECOMINGS the amount declared due on the loan pursuant to the due-on-sale clause.  In addition to the amount due to payoff the amount due on the loan on the loan pursuant to the due-on-sale clause, HOMECOMINGS unfairly and deceptively charged Plaintiff Doug Pearson a prepayment penalty in the amount of $17,194.88.  In order to effectuate the sale of his residence, Plaintiff Doug Pearson paid HOMECOMINGS the imposed prepayment penalty in the amount of $17,194.88 on or about August 1, 2007.  Plaintiff Doug Pearson now seeks, by way of this lawsuit, restitution of prepayment penalties paid by himself and the putative class members to HOMECOMINGS.

Complaint at ¶10 [Doc. No. 1].)

The Complaint then alleges that the Defendant's conduct with respect to Plaintiff Pearson was also similarly perpetrated upon the members of the Class:

> As a systematic and uniform practice, DEFENDANTS unfairly and deceptively charged Plaintiff and the other members of the Class alleged herein prepayment penalties when the residential property loan was prepaid in full pursuant to a due-on-sale clause, in violation of the loan agreement.

(Complaint at ¶11 [Doc. No. 1].)

> When the members of the alleged Class notified DEFENDANTS of their intent to transfer ownership of the residential real property which secured their loans, DEFENDANTS provided written notice of the amount due pursuant to the due-on-sale clause.  Contrary to the loan agreement and in systematic violation of their voluntary obligations, DEFENDANTS uniformly, deceptively and unfairly charged each member of the alleged Class a prepayment penalty in addition to the amount due to payoff the amount due on the loan pursuant to the due-on-sale clause.  In order to

3

1    effectuate the sale of their residences, the members of the alleged Class were each
     forced to pay DEFENDANTS the imposed prepayment penalty as demanded by the
2    DEFENDANTS under the due on sale clause.

3    (Complaint at ¶12 [Doc. No. 1].)

4    The Complaint further alleges that Defendant has retained the funds obtained from Plaintiff and the

5    other members of the alleged Class, and that Plaintiff seeks restitution of these amounts paid

6    pursuant to the UCL for himself and the alleged Class. (Complaint at ¶12-¶15 [Doc. No. 1].)

7         Finally, the Complaint alleges that the conduct violates the UCL for several reasons,

8    including the following:

9         The acts and/or practices of DEFENDANTS constitute "unfair" business practices
          because DEFENDANTS systematically violated terms in a standard form agreement
10        and voluntarily assumed obligations, and unfairly charged borrowers for prepayment
          penalties as to which DEFENDANTS had no right to charge.
11

12   (Complaint at ¶22 [Doc. No. 1].)

13        The acts and/or practices of DEFENDANTS constitute "fraudulent" or "deceptive"
          business practices because DEFENDANTS' practices are likely to deceive a
14        reasonable consumer.  Plaintiff, like every other member of the class, was informed
          by DEFENDANTS that a prepayment penalty would not be charged following the
15        payment in full of the loan pursuant to the due-on-sale clause.  Contrary to this
          uniform written representation, DEFENDANTS deceptively charged Plaintiff and the
16        other members of the class a prepayment penalty following the payment in full of the
          loan pursuant to the due-on-sale clause.

17   (Complaint at ¶23 [Doc. No. 1].)

18   The Complaint further alleges that this action is authorized by the UCL and is brought pursuant

19   thereto:

20        Plaintiff, as a representative of a class of persons with common or general interest, is
          entitled to bring an action as to DEFENDANTS' wrongful practices and to obtain
21        restitution for the monies acquired by DEFENDANTS through such wrongful
          practices.  Plaintiff is authorized to bring such action on behalf of the class of people
22        with common or general interest, pursuant to California Business & Professions Code
          § 17200, et. seq.
23

24   (Complaint at ¶25 [Doc. No. 1].)

25

26   **III.    LEGAL STANDARD**

27        In considering a motion to dismiss, the court accepts the plaintiff's allegations as true and

28
     _____
                                          4

1  construes them in the light most favorable to the plaintiff.  <u>No. 84 Employer-Teamster Joint Council</u>

2  <u>Pension Trust Fund v. Am. West Holding Corp.</u>, 320 F.3d 920, 931 (9th Cir. 2003); <u>Arcade Water</u>

3  <u>Dist. v. United States</u>, 940 F.2d 1265, 1267 (9th Cir. 1991); <u>Cruz v. Beto</u>, 405 U.S. 319, 322  (1972).

4  The sufficiency of the complaint must be determined  considering the allegations in their entirety

5  and viewing  all facts in complaint as a whole.  <u>Id.</u>; <u>Gompper v. VISX, Inc.</u>, 298 F.3d 893, 895 (9th

6  Cir. 2002); and <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996).

7       A motion to dismiss for failure to state a claim pursuant to section 12(b)(6) tests the legal

8  sufficiency of the claims in the complaint. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). Rule

9  12(b)(6) permits dismissal of a claim only where that claim lacks a cognizable legal theory, or where

10  insufficient facts are alleged to support plaintiff's theory.  <u>Balistreri v. Pacifica Police Dep't</u>, 901

11  F.2d 696, 699 (9th Cir. 1990).  In considering the sufficiency of a complaint under Rule 12(b)(6),

12  courts cannot grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove

13  no set of facts in support of his claim which would entitle him to relief." <u>Id.</u>  If a complaint is found

14  to fail to state a claim, the court should grant leave to amend unless it determines that the pleading

15  could not possibly be cured by the allegation of other facts. <u>Doe v. United States</u>, 58 F.3d 494, 497

16  (9th Cir. 1995); <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1108 (9th Cir. 2003).

17       As a general matter, a court may only consider the pleadings and judicially noticed facts in

18  deciding a 12(b)(6) motion. <u>Hal Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1555

19  (9th Cir. 1990).  When determining a motion to dismiss for failure to state a claim for relief pursuant

20  to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court cannot consider matters outside

21  the complaint.  <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689-90 (9th Cir. 2001).

22       In this case, the Complaint alleges unfair competition, which is defined by statue to "include

23  **any** unlawful, unfair or fraudulent business act or practice . . . ." B&P Code §17200. "The

24  Legislature intended this 'sweeping language' to include **anything** that can be properly called a

25  business practice and that at the same time is forbidden by law."  <u>Bank of the West v. Superior</u>

26

27

28

Court, 2 Cal.4th 1254, 1266 (1992)[3]; accord, e.g., <u>Stop Youth Addiction Inc. v Lucky Stores, Inc.</u>, 17 Cal.4th 553, 560 (1998). Dismissal of a UCL claim as a matter of law is generally inappropriate. What constitutes "unfair competition or unfair or fraudulent business practice under any given set of circumstances is a "question of fact." <u>People v. McKale</u>, 25 Cal. 3d 626, 635 (1979); <u>People ex rel. Mosk v. National Research Co.</u>, 201 Cal. App. 2d 765, 772 (1962), *cited with approval in* <u>Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.</u>, 20 Cal. 4th 163, 195 (1999). Courts cannot preliminarily judge the merits of the alleged business practices. In <u>Committee on Children's Television v. General Foods Corp.</u>, 35 Cal.3d 197 (1983), the Supreme Court reviewed the sufficiency of allegations in a UCL action and concluded that the allegations were sufficient for purposes of an analogous demurrer, and held:

> It is not the ordinary function of a demurrer to test the truth of the plaintiff's allegations or the accuracy with which he describes the defendant's conduct.

<u>Committee on Children's Television</u>, <u>supra</u>, 35 Cal. 3d at 213.


## IV.    LAW & ANALYSIS

### A.    THE UCL CLAIM IS NOT SUBJECT TO A MOTION TO DISMISS BASED UPON THE CURE PROVISION OF A CONTRACT

Defendant's Motion to Dismiss argues that Plaintiff Pearson was required to comply with the "Cure Provision" before commencing an action brought pursuant to California Business & Professions Code § 17200, et seq. Defendant's Motion fails to cite a single case which so holds that a party may impose a prerequisite before proceeding with an action that is expressly authorized by California law. In fact, the law is to the contrary as the public policy served by the UCL would be thwarted if Defendants could impose preconditions before California law could be applied to such companies.

California Business & Professions Code § 17203 and § 17204 authorize the filing of this action as follows:

---

[3] Emphasis added and internal citations omitted unless otherwise state.

PLAINTIFF'S MEMORANDUM OF P&A IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**08 cv 0515  H  NLS**

1

Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction.... Any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204 and complies with Section 382 of the Code of Civil Procedure

2

3

4      Cal. Bus. & Prof. Code § 17203.

5

Actions for any relief pursuant to this chapter shall be prosecuted exclusively in a court of competent jurisdiction by the Attorney General... or by any person who has suffered injury in fact and has lost money or property as a result of the unfair competition.

6

7

8      Cal. Bus. & Prof. Code § 17204.

The ultimate question of whether the business practice was in fact unfair or deceptive is a question

9

of fact.  People v. McKale, supra, 25 Cal. 3d at 635;  People ex rel. Mosk, supra, 201 Cal. App. 2d

10

at 772.

11

The UCL prohibits any conduct that is either unfair or unlawful or deceptive.  Committee on

12

Children's Television, supra, 35 Cal.3d at 210.   These sections are designed to protect the

13

reasonable expectations of consumers.  As held in State Farm Fire and Casualty Co.  v. Superior

14

Court, 45 Cal. App. 4th 1093, 1103-4 (1996):

15

16

Because section 17200's definition is disjunctive, a "business act or practice is prohibited if it is "unfair" or "unlawful" or "fraudulent."  In other words, a practice is prohibited if it is "unfair" or "deceptive" even if not unlawful and vice versa....The standard is intentionally broad, thus allowing courts maximum discretion to prohibit new schemes to defraud...

17

18

The "unlawful business activity" which is proscribed by section 17200 includes 'anything that can properly be called a business practice and that at the same time is forbidden by law.'...

19

20

21

[A]n "unfair business practice occurs when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers."

22

Finally, the "fraud" contemplated by section 17200's third prong bears little resemblance to common law fraud or deception.  The test is whether the public is likely to be deceived.  This means that a section 17200 violation, unlike common law fraud, can be shown even if no one was actually deceived, relied upon the fraudulent practice or sustained any damage.

23

24

25      State Farm, supra, 45 Cal. App. 4th at 1103-1105.

26      Plaintiff's UCL claim asserts that the Defendant's conduct was unfair, unlawful and

27      deceptive.  (Complaint at ¶2 [Doc. No. 1].)  Defendant's conduct was "unfair" because the

28

7

1  Defendant "systematically violated terms in a standard form agreement and voluntarily assumed

2  obligations, and unfairly charged borrowers for prepayment penalties as to which DEFENDANTS

3  had no right to charge." (Complaint at ¶22 [Doc. No. 1].) Defendant's practice was likely to

4  deceive consumers because Defendant represented to borrowers in loan documents "that a

5  prepayment penalty would not be charged following the payment in full of the loan pursuant to the

6  due-on-sale clause. Contrary to this uniform written representation, DEFENDANTS deceptively

7  charged Plaintiff and the other members of the class a prepayment penalty following the payment

8  in full of the loan pursuant to the due-on-sale clause." (Complaint at ¶23 [Doc. No. 1].)

9  Defendant's practice also appears to be unlawful because the imposition of the prepayment penalty

10  following a sale of the property is forbidden by Federal law. See 12 C.F.R. § 591.5(b)(2).

11      Notably, the UCL does not limit the application of the law only to those persons who have

12  fully complied with their contract or only to those persons who have first provided written

13  notification of the dispute. Rather, standing under the UCL to sue is conferred to "any person"

14  injured by the challenged practice.

15      This distinction is illustrated by the two unpublished cases cited in Defendant's motion,

16  which are then only authority for the Defendant's argument cited in the motion. These cases dealt

17  solely with breach of contract claims, and not with statutory claims. Indeed, the Court in <u>Cal. State</u>

18  <u>Auto. Assn. v. Policy Management Systems Corp.</u>, 1996 U.S. Dist. Lexis 21823 (N.D. Cal. 1996),

19  expressly applied the notice and cure provision only to the breach of contract claim, and not to the

20  tort claims. <u>Cal. State Auto. Assn.</u>, <u>supra</u>, at *19.

21      <u>Gueyffier v. Ann Summers</u>, 144 Cal. App. 4th 166 (2006), also involved a claim for breach

22  of contract, and not a UCL claim or statutory claim. Further, the entire reasoning in <u>Gueyffier</u> was

23  based upon an analysis of the contract and that the contract governs the terms and relief sought.[4]

24  _____

25      [4] The Court should also note that review was granted in <u>Gueyffier</u>, and therefore , the case is not
   citable as precedent under the California Rules of Court, rules 8.1105 and 8.1115. Plaintiff strongly
26  objects to the Defendant's reliance on this decision as precedent in this case. The Rules of Court
   expressly provide that when review is granted, the decision may not be "cited or relied" upon for
27  purposes of legal authority. Defendant's citation to and extensive reliance on <u>Gueyffier</u> cannot be

28

PLAINTIFF'S MEMORANDUM OF P&A IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

08 cv 0515 H NLS

1   Here, the reasoning of Defendant's two citations has no application because Plaintiff's action

2   is governed solely by California law and the provisions of the UCL.  The fact that some of the

3   evidence of the "unfair" conduct by Defendant is the systematic violation of the due-on-sale clause

4   does not mean that the UCL claim is barred.

5   Defendant's motion cites no authority to support the argument that a contract provision could

6   limit an action under the UCL.  Indeed, Defendant's motion does not even cite to a single decision

7   holding that this argument applies to any statutory action.  To so hold would frustrate the public

8   policy of the statutory scheme enacted by the California Legislature which was designed to protect

9   the marketplace.  If such prerequisites were interposed in order to assert statutory claims, the

10  Legislative purpose behind such statutory scheme could be thwarted.  As a result, the cure provision

11  cited by Defendant does not bar or prevent the assertion of a UCL claim which alleges that the

12  conduct of the Defendant was unlawful, unfair and deceptive.

13

14  **B.    IF SO APPLIED, THE CURE PROVISION WOULD OPERATE AS AN UNCONSCIONABLE CLASS ACTION WAIVER**

15

16  Defendant's argument that the notification provision bars Plaintiff's UCL claim, and the

17  claims of the other members of the Class, fails for another important reason.  If applied as argued

18  by Defendant to prevent Plaintiff and other members of the Class from bringing or joining in the

19  UCL class action, the provision effectively operates as an unconscionable and unenforceable class

20  action waiver.

21  In the context of this consumer case, there can be no argument that a class action waiver

22  would be unconscionable and unenforceable as contrary to public policy.  See Lowden v. T-Mobile

23  USA, Inc., 512 F.3d 1213, 1219 (9th Cir. 2008) ("class action waiver is invalid"); Discover Bank v.

24  Superior Court, 36 Cal. 4th 148, 163 (2005) ("class action waivers are unconscionable under

25  California law and should not be enforced"); American Online v. Superior Court, 90 Cal. App. 4th

26  1, 18 (2001).  As discussed in Lowden and Discover Bank, a class action waiver is invalid because:

27  justified.  See Elwood, supra, 880 F.2d at 208 n.4 (refusing to consider unpublished California decision.)

28  9

PLAINTIFF'S MEMORANDUM OF P&A IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**08 cv 0515 H NLS**

when the waiver is found in a consumer contract of adhesion in a setting in which disputes between the contracting parties predictably involve small amounts of damages, and when it is alleged that the party with the superior bargaining power has carried out a scheme to deliberately cheat large numbers of consumers out of individually small sums of money, then, at least to the extent the obligation at issue is governed by California law, the waiver becomes in practice the exemption of the party "from responsibility for [its] own fraud, or willful injury to the person or property of another. (Civ. Code, § 1668.) Under these circumstances, such waivers are unconscionable under California law and should not be enforced.

Discover Bank, supra, at 162-3.

Importantly, the holding in Discover Bank was made in the context of an arbitration provision, which is favored under federal law. By contrast here, the cure provision is not part of any arbitration provision that would preempt state law.

In this case, all of the requirements of Discover Bank are present, and therefore, the cure provision prohibiting a class action is unconscionable and cannot be enforced. The Deed of Trust is undeniably a contract of adhesion that is a form document presented on a "take-it or leave-it" basis. Defendant is the party with the superior bargaining power who is alleged to be cheating consumers through a scheme of charging a large number of consumers for prepayment penalties during their escrow which are not in fact owed by the consumers. If class actions are prohibited in such a case, the result will be to effectively exempt Defendant from Defendant's responsibility for such acts of unfair competition.[5] See also American Online, 90 Cal. App. 4th at 18 (invalidating forum selection clause where the application of the clause would effectively bar class actions in contravention of California public policy).[6]

[5] The public policy justifications recognizing the importance of class actions are replete in California law: "Frequently numerous consumers are exposed to the same dubious practice by the same seller so that proof of the prevalence of the practice as to one consumer would provide proof for all. Individual actions by each of the defrauded consumers is often impracticable because the amount of individual recovery would be insufficient to justify bringing a separate action; thus an unscrupulous seller retains the benefits of its wrongful conduct. A class action by consumers produces several salutary by-products, including a therapeutic effect upon those sellers who indulge in fraudulent practices, aid to legitimate business enterprises by curtailing illegitimate competition, and avoidance to the judicial process of the burden of multiple litigation involving identical claims. The benefit to the parties and the courts would, in many circumstances, be substantial." Vasquez v. Superior Court, 4 Cal.3d 800, 808 (1971).

[6] Discovery will reveal that Defendant, when asked to cure always refused to do so, further evidencing the systematic scheme to violate the UCL.

1    For this additional reason, the notice and cure provision argued by Defendant is inapplicable

2    to Plaintiff's UCL claim in this case.

3

4    **C.    IN ANY EVENT, THE EVIDENCE WILL SHOW THAT PLAINTIFF
         PROVIDED NOTICE OF HIS DISPUTE TO DEFENDANT BUT RECEIVED
5         NO CORRECTIVE ACTION**

6    Defendant's motion to dismiss is improper for additional reasons as well.  First, the question

7    of whether Plaintiff provided notice of the dispute is a matter that is outside of the pleadings.

8    Defendant's factual argument that a UCL action may not be brought because Plaintiff failed to

9    provide notice of the dispute is based upon an unsupported factual assertion, and is not based upon

10   anything in the complaint.  Defendant cites to no rule that would require Plaintiff to plead his

11   notification to the Defendant as an element of his UCL claim.  Rather, this is a defense that should

12   raised affirmatively by Defendant in response to the Complaint.  Defendant may not move to dismiss

13   the Complaint based upon matters outside the complaint.  Lee, supra, 250 F.3d at 689-90.

14   Second, and more importantly, Defendant's unsupported factual argument to the Court that

15   Plaintiff Pearson failed to comply with the cure provision is verifiably false.  As set forth in the

16   accompanying declaration, Plaintiff Pearson sent several notices and engaged in multiple attempts

17   to resolve the dispute with Defendant.  (Declaration of Plaintiff Pearson, at ¶2-¶5).  Because

18   Defendant is fully aware of this correspondence and dispute by Plaintiff Pearson, Defendant's

19   motion makes such arguments in bad faith given the fact that these factual contentions do not have

20   evidentiary support.  Defendant's factual contention with regard to Plaintiff Pearson's conduct is

21   therefore inconsistent with the duties imposed by Rule 11.

22   To illustrate how unfounded the Defendant's unsupported factual contention is that Plaintiff

23   failed to notify Defendant of the dispute, Plaintiff's declaration provides a detailed description of

24   his attempts to resolve this dispute.  Plaintiff Pearson "attempted to resolve this dispute with

25   Homecomings Financial, both in writing and verbally, before the filing of this lawsuit."

26   (Declaration of Pearson at ¶2).  When Plaintiff "learned about the prepayment penalty being charged

27   by Homecomings Financial, I contacted Homecomings Financial to dispute the charge."

28

1    (Declaration of Pearson at ¶3).  Plaintiff called Defendant numerous times, documenting with whom

2    he spoke.  (Declaration of Pearson at ¶3).  Because plaintiff did not receive any correction of the

3    charge, on July 26, 2007, Plaintiff sent a letter to Homecomings Financial disputing the prepayment

4    penalty. (Declaration of Pearson at ¶4).   The letter he sent is attached as <u>Exhibit #1</u> to the Plaintiff's

5    Declaration.  Even after the letter, Plaintiff continued to contact Defendant and "spoke with Scott

6    Lasier at Homcomings, who informed me that he had looked into the dispute and that according to

7    company policy, the prepayment penalty would not be refunded."  (Declaration of Pearson at ¶5).

8    At that time, Defendant even threatened to charge interest for the delay caused by Plaintiff's dispute

9    of the charge.  (Declaration of Pearson at ¶5).

10        Moreover, the evidence will show that Defendant never honored any request to correct the

11    prepayment charge that was unfairly, unlawfully and deceptively imposed on borrowers.  For these

12    additional factual reasons, the notice and cure provision asserted by Defendant cannot be used to

13    bar the UCL claims in this lawsuit.

14

15        **D.    THE UCL CLAIM IS SUFFICIENTLY PLED**

16        The UCL does  **not** require any reliance by the consumer or proof that any individual

17    consumer was actually deceived.  <u>Committee</u>, <u>supra</u>, 35 Cal.3d 197, 211; <u>Fletcher v. Security Pacific</u>

18    <u>Nat'l Bank</u>,  23 Cal. 3d 442, 453 (1979).  **The test is an objective one depending on whether the**

19    **defendant's conduct was "likely to deceive" a reasonable consumer, and therefore amenable**

20    **to class-wide adjudication.**  <u>Williams v. Gerber</u>, 2008 U.S. App Lexis 8599, at *7-*8 (9th Cir. April

21    21, 2008) (reversing decision of Judge Miller and affirming "likely to deceive" standard);

22    <u>Committee</u>, <u>supra</u>, 35 Cal.3d at 211; <u>Chern v. Bank of America</u>, 15 Cal. 3d 866, 876 (1976); <u>Aron</u>

23    <u>v. U-haul Co.</u>, 143 Cal.App.4th 796, 806 (2006).[7]

24        Unlike common law fraud, the deceptive prong of the UCL does not have multiple elements

25

26        [7]As held by the California Supreme Court in <u>Californians for Disability Rights v. Mervyn's, LLC</u>, 39
27    Cal. 4th 223, 232 (2006), these substantive rules governing liability under the UCL were not changed by
     the Proposition 64 amendment to standing provisions.

28

1    that need to be pled with specificity.  Committee, supra, at 211.  As held in Prata v. Superior Court,

2    91 Cal. App. 4th 1128, 1144-1145 (2001), the proper focus of a UCL case is not whether individual

3    consumers were actually misled and injured. "[T]here is no need to examine each consumer

4    transaction to establish a violation of section 17200.  The issue is, instead, whether the program as

5    a whole was likely to mislead..."  Id. at 1145.  Once broad dissemination of common false

6    statements to the class has been established, "the ultimate question of whether the undisclosed [or

7    affirmatively misrepresented] information was material [is] a common question of fact suitable for

8    treatment in a class action." Mass. Mutual Life Ins. Co. v. Superior Court, 97 Cal. App. 4th 1282,

9    1294 (2002); see also Blakemore v. Superior Court, 129 Cal. App. 4th 36, 56 (2005) (rejecting

10   argument that the varied subjective reasons for each class member's conduct was relevant to liability

11   or class certification under the UCL).

12        The standard under the UCL "is that of the ordinary consumer acting reasonably under the

13   circumstances." Id. at 509-10, 512. Mass. Mutual, supra, 97 Cal. App. 4th 1282, expressly approved

14   the certification of a consumer claim under the UCL where, as here, the action challenged a uniform

15   practices by defendants.  Id. at 1286.  Mass. Mutual sets forth the elements of a UCL claim and

16   focused the certification inquiry on the conduct of the defendant, not the plaintiff:

17        **Importantly, California courts have repeatedly held that relief under the UCL
          is available without individualized proof of deception, reliance and injury**.

18
19   97 Cal. App. 4th at 1288; see also  Corbett v. Superior Court, 101 Cal. App. 4th 649, 672 (2002).

20   Moreover, the UCL imposes "strict liability" and does not require proof of intent to deceive:

21        The plaintiff need not show that a UCL defendant intended to injure anyone through
          its unfair or unlawful conduct. **The UCL imposes strict liability when property or
          monetary losses are occasioned by conduct that constitutes an unfair business
          practice.**
22

23   Cortez v. Purolater Air Filtration, 23 Cal 4th 163, 181 (2000).

24        Here, the Complaint sufficiently alleges a UCL claim under Committee.  To the extent a

25   heightened pleading standard is applied, Plaintiff's Complaint is still sufficiently pled.  The

26   Complaint alleges the time, place and manner of the deception to the Plaintiff and every other

27   member of the Class.  First, the alleged representation was made through the loan documentation

28
                                                    13

which is quoted in full in the Complaint. (Complaint at ¶9 [Doc. No. 1].) The alleged deceptive conduct occurs when Defendant, as a matter of company policy, charges for a prepayment penalty in contravention of the representation in the loan documents. (Complaint at ¶10 and ¶11 [Doc. No. 1].) Finally, the representation is made in the loan documents at the time of loan origination, and the imposition of the prepayment penalty occurs at the time of loan payoff. In the case of the Plaintiff, loan origination was August 5, 2005 (Def's Exhibit "A"), and the loan payoff was August 1, 2007. (Complaint at ¶10 [Doc. No. 1].) Defendant's motion fails to identify any missing specificity with respect to the alleged deceptive conduct by Defendant and no further particularity in the Complaint allegations is required.

## V.    CONCLUSION

For the forgoing reasons, Plaintiff respectfully submits that the Defendant's motion to dismiss should respectfully be denied.


Dated: June 2, 2008                          **BLUMENTHAL & NORDREHAUG**


                                             By:       *s/Norman B. Blumenthal*
                                                       Norman B. Blumenthal, Esq.
                                                       Kyle R. Nordrehaug, Esq.
                                                       Attorneys for Plaintiff

K:\D\NBB\Pearson\Motion to Dismiss\p-opposition-Final.wpd

PLAINTIFF'S MEMORANDUM OF P&A IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**08 cv 0515  H  NLS**