LOCKE LORD BISSELL & LIDDELL LLP
John M. Hochhausler (SBN: 143801)
jhochhausler@lockelord.com
Cory A. Baskin (SBN: 240517)
cbaskin@lockelord.com
300 South Grand Avenue, Eighth Floor
Los Angeles, California 90071-3119
Telephone: 213.485.1500
Facsimile: 213.431.1500

Thomas J. Cunningham (admitted *pro hac vice*)
tcunningham@lockelord.com
Simon Fleischmann (admitted *pro hac vice*)
sfleischmann@lockelord.com
111 South Wacker Drive
Chicago, Illinois 60606-4410
Telephone: 312-443-0462
Facsimile: 312-896-6471

Attorneys for Defendant
HOMECOMINGS FINANCIAL, LLC
*f/k/a* HOMECOMINGS FINANCIAL
NETWORK, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUG PEARSON, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>HOMECOMINGS FINANCIAL LLC, formerly known as HOMECOMINGS FINANCIAL NETWORK, INC.; and DOES 1 through 100, Inclusive,<br><br>    Defendants. | CASE NO. 08 CV 0515 H NLS<br><br>**REPLY IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS**<br><br>**[Fed. R. Civ. P. Rule 12 (b)(6)]**<br><br>**Date:** June 16, 2008<br>**Time:** 10:30 a.m.<br>**Place:** Courtroom 13<br><br>**Hon. Marilyn L. Huff** |

Defendant, Homecomings Financial, LLC *f/k/a* Homecomings Financial Network, Inc. ("Homecomings"), submits the following reply to Plaintiff's Memorandum of Points and Authorities

1

in Opposition to Defendant's Motion to Dismiss (Plaintiff's "Opposition") and, in further support of its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion"), states as follows:

## SUMMARY OF REPLY

Plaintiff's Opposition fails to rebut Homecomings' Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss ("Memorandum"). Specifically, Plaintiff incorrectly argues that: (1) the notice provision contained in his Loan Agreement (as defined in Homecomings' Memorandum) does not apply to claims brought under California's Unfair Competition Law, Bus. & Prof. Code § 17200, et seq. ("UCL") (Opposition at 7-9); (2) the notice provision is an "unconscionable and unenforceable class action waiver" (Opposition at 9-11); (3) even if the notice requirement applies, the factual arguments contained in the Opposition and the Declaration of Doug Pearson are sufficient to satisfy his pleading requirements (Opposition at 11-12); (4) the heightened pleading standard of Federal Rule 9(b) does not apply in this case (Opposition at 12-13); and (5) he has pled sufficient facts to support his conclusions (Opposition at 13-14).

The Court should reject the arguments in Plaintiff's Opposition because: (1) The plain language of the Loan Agreement and applicable authority demonstrate that Plaintiff was required plead in his Complaint that he provided Homecomings with written notice and a reasonable opportunity to cure before commencing this lawsuit, and Plaintiff failed to do that; (2) the notice provision in the Loan Agreement is not a class action waiver, and no authority supports Plaintiff's attempt to reform a mere contractual notice provision into an unconscionable and unenforceable class action waiver; (3) Plaintiff's new allegations in his Opposition, as well as the documents attached to his Opposition, are irrelevant for Federal Rule 12(b)(6) purposes because they are not included in the Complaint; (4) Federal Rule 9(b) applies because Plaintiff specifically alleges that Homecomings' conduct was "fraudulent;" and (5) Plaintiff alleges not even a single fact to support his allegations that Plaintiff's individual experience reflects the broader "systematic business practices" of Homecomings and other, unnamed defendants who "agreed among themselves to engage in a scheme for the

2

REPLY IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS

08 CV 0515 H (NLS)

purpose of increasing revenues received by each of the defendants." Such allegations fail to rise above a speculative level and are insufficient to withstand a motion to dismiss. Therefore, Homecomings' Motion should be granted.

## ARGUMENT

### I. PLAINTIFF INVOKES THE WRONG STANDARD FOR THIS MOTION.

Homecomings sets forth the correct standard for its Motion on page two of its Memorandum. Last year the Supreme Court ruled that motions to dismiss should be granted where a complaint lacks sufficient facts to raise the plaintiff's right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). In doing so, the Court overruled the "any set of facts" standard derived from *Conley v. Gibson*, 335 U.S. 41 (1957) and relied upon by Plaintiff in his Opposition. (Opposition at 4 (*citing Conley* as well as other cases for the "any set of facts" standard derived from *Conley*).)

This is important because Plaintiff relies entirely on mere speculation in asserting that his individual experience is reflective of a systematic business practice that was agreed upon with other, unnamed defendants for the purpose of deceiving consumers for profit. Such unsupported allegations are conclusory and ought not be accepted as true on a motion to dismiss.

### II. PLAINTIFF MUST PLEAD COMPLIANCE WITH THE NOTICE PROVISION IN HIS LOAN AGREEMENT.

Homecomings argues in its Motion that Plaintiff failed to plead any allegations to establish that he complied with the notice provision in the Loan Agreement before "commencing any judicial action" related to the Loan Agreement. (Memorandum at 4-6.) This is hardly a controversial position. The Loan Agreement contains a notice provision and such provisions are generally enforceable under California law. *See* Cal. Civ. Code § 1639 (intention of the parties is to be ascertained by the plain language of the contract); *see also BTA, Inc. v. Atlantic Mut. Ins. Co.*, 1999 U.S. Dist. LEXIS 9330, *7 (N.D. Cal. 1999) (same); *Gueyffier v. Ann Summers, Ltd.*, 50 Cal.Rptr. 3d 294, 313 (2d Dist. 2007) (enforcing notice and cure provision in franchise agreement), *review granted*, 53 Cal.Rptr.3d 802 (Cal. Jan. 17,

2007);[1] *California State Auto. Assoc. Inter-Ins. Bureau v. Pol'y Mgmt. Systems Corp.*, 1996 U.S. Dist. LEXIS 21823, *19-21 (N.D. Cal. 1996) (upholding contractual notice and cure provision).  Plaintiff does not dispute that the notice provision is contained in the Loan Agreement, and he implicitly admits that the provision could apply to a breach of contract claim under the Loan Agreement.  (Opposition at 7-9.)

Plaintiff asserts that the notice provision only applies to breach of contract claims and cannot be applied to UCL claims.  (Opposition at 8.)  However, Plaintiff flatly misconstrues the plain language of the Loan Agreement as well as the law regarding the application of the notice provision.  The notice provision requires that Plaintiff provide notice and a reasonable opportunity to cure prior to commencing "any judicial action" based on Homecomings' actions under the Loan Agreement.  (Memorandum at 5; Declaration of Judy Faber, Exhibit B at § 20.)  Nothing in the notice provision limits its application to breach of contract claims.  To the contrary, the express terms of the notice provision apply broadly to "any judicial action" related to the Loan Agreement, such as this one.  Accordingly, the plain language of the Loan Agreement shows that the notice provision applies to this judicial action.

Plaintiff wrongly cites *California State Auto. Assoc. Inter-Ins. Bureau* for the proposition that contractual notice provisions apply to breach of contract claims only. (Opposition at 8 (*citing* 1996 U.S. Dist. LEXIS 21823 at *19).)  The court in that case made

---

[1] Plaintiff argues that California Rules of Court 8.1105 and 8.1115 prohibit Homecomings from citing the *Gueyffier* case because review of that decision has been granted by the California Supreme Court.  (Opposition at 1 n.1, 8 n.4).  However, the California Rules of Court do not apply in this Court.  No such rule regarding citation to *review granted* opinions exists in this Court.  While not binding precedent (and not presented as such by Homecomings) the decision in *Gueyffier* is particularly instructive here as it involved a contractual notice and cure provision.  This Court may, and should, consider authorities that illustrate the parties' arguments, such as *Gueyffier*. *See e.g., Frosini v. Bridgestone Firestone North American Tire, LLC*, 2007 WL 2781656, at *5 n.9 (C.D. Cal. Aug. 24, 2007) (declining to rely on an unpublished California Court of Appeal decision but specifically noting that the court was "not precluded from doing so").  Plaintiff's reference to *Elwood v. Aid Ins. Co.*, 880 F.2d 204, 208 n.4 (9th Cir. 1989) is misplaced because *Elwood* dealt with a *depublished* opinion, which is very different from a *review granted* or *unpublished* decision. At the time *Elwood* was decided, some authorities suggested that depublishing a previously published opinion was an indication that the California Supreme Court believed the case had been wrongly decided.

no such holding. The court found that the contractual notice and cure provision was valid and enforceable, but that there was a question of fact precluding summary judgment as to whether the plaintiffs had waived the notice provision. 1996 U.S. Dist. LEXIS at 21823 *19-20, 27. No such issue exists here.

At least one California court expressly rejected Plaintiff's argument that notice provisions cannot apply to UCL claims. *See In re The Vaccine Cases,* 134 Cal.App.4th 438 (2005). In that case, the plaintiffs asserted UCL claims based on the defendants' alleged violations of the Safe Drinking Water and Toxic Enforcement Act of 1986 ("the Act"). 134 Cal.App.4th at 444. The court dismissed the UCL claims, finding that the plaintiffs were prohibited from asserting their claims under the UCL, because they failed to give 60 days notice of their intent to sue as required by the Act. 134 Cal.App.4th at 457-458. In dismissing the UCL claims, the court rejected an argument similar to the one Plaintiff now presents to this Court—that the UCL is beyond the reach of the plaintiffs' obligation to give notice to the defendants before asserting claims against them. 134 Cal.App.4th at 457-458 (finding that the UCL does not "override" the plaintiff's pre-suit notice requirements). The court reasoned that the plaintiff cannot use the UCL to "plead around" a prerequisite for relief. 134 Cal. App. 4th at 458.

Likewise here, the UCL may not be used to override or plead around Plaintiff's obligation to provide Homecomings with notice prior to the commencement of "any judicial action" related to the Loan Agreement. There is no reason why the Court should carve out Plaintiff's UCL claims from the notice provision in the Loan Agreement, especially where California authority exists applying a similar provision in an unrelated statute to UCL claims. Therefore, the notice provision in the Loan Agreement should be enforced.

Significantly, the court in *The Vaccine Cases* found that the plaintiffs' failure to allege *in the complaint* that they complied with the underlying pre-suit notice requirement was an independent ground for dismissal of their UCL claims. 134 Cal.App.4th at 457-458. Here, Plaintiff's Complaint does not allege that he complied with the pre-suit notice requirement in the Loan Agreement. Plaintiff improperly attempts to cure this pleading

deficiency by asserting in his Opposition that he did in fact comply with the notice provision. (Opposition at 11-12.) He also attaches to his Opposition brief the Declaration of Doug Pearson, which further asserts that he complied with his notice obligations and includes correspondence that purports to reflect the same. (Declaration of Doug Pearson at ¶¶ 2-5.) However, factual arguments contained in the Opposition are irrelevant for Rule 12(b)(6) purposes. *See Schnieder v. California Department of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) "In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Id.* Plaintiff's factual arguments in his Opposition are therefore insufficient to defeat Homecomings' Motion.

Plaintiff was required to allege in his Complaint that he complied with the notice provision in the Loan Agreement, but he failed to do that. Plaintiff's Complaint should therefore be dismissed.

### III. THE NOTICE PROVISION IS NOT A CLASS ACTION WAIVER.

In an effort to avoid having to plead compliance with his notice obligations under the Loan Agreement, Plaintiff argues that the notice provision is "an unconscionable and unenforceable class action waiver." (Opposition at 9.) However, the notice provision does not contain any class action waiver whatsoever, nor does any part of the Loan Agreement purport to impair any of Plaintiff's legal rights or remedies. Instead, that provision promotes the desirable goal of avoiding unnecessary litigation by allowing the parties to mitigate any damages before they are incurred, and avoid causing harm – not avoid litigation or responsibility for breach of contract. Plaintiff cites no authority that comes close to holding that a mere notice provision in a contract operates as a class action waiver.

Moreover, even if the notice and opportunity to cure was considered a class action waiver, the notice provision would not be unconscionable because the sum of money at issue here, $17,194.88, is significantly greater than the sums at issue in cases where California courts held that class action waivers were unconscionable because the potential for small amounts of individual gain made it unlikely that any plaintiffs would pursue individual

1  action. Accordingly, Plaintiff's argument should be rejected.

2      The fact that the Loan Agreement contains no express class action waiver, nor is
3  Homecomings asserting any type of class action waiver in this case distinguishes the present
4  case from the primary cases cited in Plaintiff's Opposition. *See Lowden v. T-Mobile USA,*
5  *Inc.*, 512 F.3d 1213 (9th Cir. 2008) (express class action waiver in arbitration agreement);
6  *Discover Bank v. Superior Court*, 36 Cal.4th 148 (Cal. 2005) (express class action waiver in
7  arbitration clause). The courts in *Lowden* and *Discover Bank* found that express class action
8  waivers included arbitration clauses violated public policy under the specific circumstances
9  present in those cases. No similar contract provision containing a class action waiver is
10 before the Court in the present case.

11     Plaintiff cites *American Online* as authority supporting his argument that the notice
12 provision "operates" as a class action waiver. (Opposition at 10 (*citing America Online, Inc.*
13 *v. Superior Court of Alameda County*, 90 Cal.App.4th 1 (2001)).) However, in *America*
14 *Online* the offending contract provision was a forum selection clause that required class
15 actions to be brought in the state of Virginia, which prohibits consumer class actions. 90
16 Cal.App.4th at 18. The court found that enforcing a contract provision that required
17 consumer class actions to be brought only in a forum that prohibits such actions would be no
18 different than enforcing a class action waiver. 90 Cal.App.4th at 18. The critical difference
19 here is that there is no contract provision in the Loan Agreement that would in away waive or
20 impair any of Plaintiff's remedies.

21     The notice provision does not impair or operate to impair any of Plaintiff's legal
22 rights, including the right to bring a consumer class action under the UCL. Plaintiff did not
23 waive the ability to assert any form of claim whatsoever; he is free to bring a class action (if
24 he can adequately state a claim for such relief), so long as he complies with the contractual
25 notice and cure provision first. Homecomings does not seek to transfer this case to a
26 jurisdiction that would provide Plaintiff with fewer rights; Homecomings agrees that
27 California law applies to this dispute. In addition, Plaintiff cites no authority for his position
28 that a mere contractual notice provision constitutes an "unconscionable an unenforceable

class action waiver." Accordingly, Plaintiff's argument should be rejected and Homecomings' Motion should be granted.

In addition, even if the notice provision in the Loan Agreement did contain a class action waiver, California law is clear that all class action waivers are not necessarily unconscionable. *Discover Bank*, 36 Cal.4th at 162-163. In *Discover Bank*, the California Supreme Court held that a class action waiver may be unconscionable when the potential for individual gain is small, because very few plaintiffs, if any, will pursue individual action. The court held that "The potential for millions of customers to be overcharged small amounts without an effective method of redress cannot be ignored." 36 Cal.4th at 159-160.

The amount at issue in *Discover Bank* was a $29 late fee. 36 Cal.4th at 154. Here, the individual Plaintiff seeks to recover at least $17,194.88. (Complaint at ¶ 10, Prayer for Relief.) The California Supreme Court's public policy concern that the potential for small gain will deter plaintiffs from asserting individual claims has no application under these circumstances, as few plaintiffs, if any, are likely to stand by idly if they believe that they have been inappropriately charged more than $17,000. Plaintiff's assertion that the notice provision is an unconscionable class action waiver fails for this additional reason. Accordingly, Plaintiff's argument should be rejected, and Homecomings' Motion should be granted.

### IV. PLAINTIFF'S COMPLAINT FAILS TO COMPLY WITH FEDERAL RULE 9(b), WHICH APPLIES HERE BECAUSE PLAINTIFF ALLEGES THAT HOMECOMINGS ENGAGES IN "FRAUDULENT" BUSINESS PRACTICES.

Plaintiff argues in his Opposition that his UCL claim does not sound in fraud and the heightened pleading standard of Rule 9(b) does not apply. (Opposition at 2, 12-13.) However, it is indisputable that Plaintiff's Complaint alleges that Homecomings' business practices are "fraudulent or deceptive." (Complaint at ¶ 23.) While Plaintiff concentrates his Opposition on whether claims of "deceptive" conduct must be pled with particularity, Plaintiff should not be allowed to avoid the Rule 9(b) pleading standard merely by alleging fraud in the disjunctive. Such a rule would allow plaintiffs to assert and pursue fraud claims that do not comply with Rule 9(b), which is exactly what Plaintiff seeks to accomplish here.

Moreover, Plaintiff fails to address Homecoming's concern that the Complaint fails to allege even a single fact to establish that Homecomings is engaged in any "systematic and uniform practice" of fraudulent conduct as alleged throughout the Complaint. Likewise, the Complaint asserts without any support at all that "Each of the above named Defendants agreed among themselves to engage in a scheme for the purposes of increasing revenues received by each of the Defendants." (Complaint at ¶ 8.)

Plaintiff asserts in his Opposition that "The Complaint alleges the time, place and manner of deception to the Plaintiff and every member of the Class." (Opposition at 13.) The Complaint makes no such allegations. The Complaint establishes only that the individual named Plaintiff has a dispute with Homecomings. The allegations as to Homecomings' agreements with other, unnamed parties, as well as its "systematic" business practices Plaintiff contends are "fraudulent" as to other consumers are conclusory and exactly the type of mere speculation that was expressly prohibited by the Supreme Court in *Twombly*. *Twombly*, 127 S. Ct. at 1964-65.

## **CONCLUSION**

For all of the foregoing reasons, Defendant Homecomings Financial LLC's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted.

Dated: June 9, 2008                         Respectfully Submitted,

                                            LOCKE LORD BISSELL & LIDDELL LLP


                                            By:   s/Simon A. Fleischmann
                                                  Thomas J. Cunningham
                                                  John M. Hochhausler
                                                  Simon A. Fleischmann
                                                  Cory A. Baskin
                                                  Attorneys For Defendant HOMECOMINGS
                                                  FINANCIAL, LLC *f/k/a* HOMECOMINGS
                                                  FINANCIAL NETWORK, INC.

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119