**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOUG PEARSON, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>                           Plaintiff,<br>vs.<br><br>HOMECOMINGS FINANCIAL LLC, formerly known as HOMECOMINGS FINANCIAL NETWORK, INC.; and DOES 1 through 100, inclusive,<br><br>                         Defendants. | CASE NO. 08-CV-515 H (NLS)<br><br>**ORDER GRANTING WITH LEAVE TO AMEND DEFENDANT'S MOTION TO DISMISS** |

On March 19, 2008, plaintiff Doug Pearson ("Plaintiff") filed a complaint against Homecomings Financial, LLC ("Defendant") for alleged unfair competition in violation of Cal. Bus. & Prof. Code § 17200 et seq. (Doc. No. 1.) On May 15, 2008, Defendant filed a motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 8.) On June 2, 2008, Plaintiff filed a response in opposition. (Doc. No. 11.) Defendant has filed a reply. (Doc. No. 12.)

The Court exercises its discretion pursuant to Local Civil Rule 7.1(d)(1) to decide this matter without oral argument and therefore vacates the hearing scheduled for June 16, 2008. For the following reasons, the Court grants Defendant's motion to dismiss.

///

**Background**

Plaintiff alleges that he owned real property in San Diego, California, which was subject to a residential loan agreement with Defendant. (Compl. ¶ 4.) Plaintiff alleges that the contract contained a provision prohibiting the imposition of penalties when the loan was prepaid in full pursuant to a due-on-sale clause. (Id. ¶ 9.) In June of 2007, Plaintiff informed Defendant that Plaintiff intended to transfer ownership of the property which secured the loan from Defendant. (Id. ¶ 10.) Defendant provided written notice of the amount due pursuant to the agreement's due-on-sale clause. (Id.) Plaintiff paid that amount. (Id.) Plaintiff alleges that Defendant charged Plaintiff a prepayment penalty in the amount of $17,194.88. (Id.) Plaintiff paid the penalty and now seeks restitution by way of this lawsuit under California's Unfair Competition Law ("UCL"). Plaintiff also alleges that Defendant charged similar prepayment penalties to other consumers and therefore seeks to assert a claim under the UCL on behalf of a putative class of similarly situated individuals. (See Compl. ¶¶ 11, 15.)

**Discussion**

**I.    Rule 12(b)(6) Motion to Dismiss – Legal Standard**

Rule 12(b) of the Federal Rules of Civil Procedure permits dismissal of a claim either where that claim lacks a cognizable legal theory, or where insufficient facts are alleged to support plaintiff's theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). In resolving a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). However, to survive a Rule 12(b)(6) motion a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1965 (2007). A plaintiff's obligation under Rule 8(a)(2) "to provide the grounds of his entitlement to relief requires more than labels and conclusions . . . ." Id.

///

## II. California's Unfair Competition Law

California's Unfair Competition Law prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "The 'unlawful business activity' which is proscribed by section 17200 includes anything that can properly be called a business practice and that at the same time is forbidden by law." State Farm Fire & Casualty Co. v. Superior Court, 45 Cal. App. 4th 1093, 1103 (1996). "An unfair business practice occurs when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." Id. at 1104. "To state a claim under consumer protection statutes designed to protect the public from fraudulent or deceptive representations, the plaintiff must demonstrate that members of the public are 'likely to be deceived.'" Committee on Children's Television, Inc. v. General Foods Corp., 35 Cal. 3d 197, 211 (1983); see Williams ex rel. Tabiu v. Gerber Products Co., 523 F.3d 934, 938 (9th Cir. 2008).

Here, the Court concludes that Plaintiff's complaint fails to state a claim under the UCL. Plaintiff's complaint arises from an alleged breach by Defendant of a loan agreement between Plaintiff and Defendant. In order for "a breach of contract [to] form the predicate for a section 17200 claim," however, the breach must "constitute[] conduct that is unlawful, or unfair, or fraudulent." Sybersound Records, Inc. v. UAV Corp., 517 F.3d 1137, 1152 (9th Cir. 2008). The only factual assertions in Plaintiff's complaint relate to an alleged breach by Defendant of a particular contract with Plaintiff. Although "whether a business practice is deceptive" generally constitutes a question of fact, see Williams ex re. Tabiu v. Gerber Products Co., 523 F.3d 934, 939 (9th Cir. 2008), here Plaintiff's complaint fails to allege facts supporting the assertion that Defendant's alleged breach constituted a "business practice" in the first place. Without any supporting factual allegations, the Court is not obligated to simply accept the labels of "unfair" or "deceptive" used in Plaintiff's complaint to transform an ordinary breach of contract claim into a claim under California's unfair competition law. Twombly, 127 S.Ct. at 1974. The Court concludes that Plaintiff's complaint lacks factual allegations sufficient "to raise a right to relief above the speculative

1 level" for purposes of a claim under the UCL.  <u>Id.</u> at 1965.  Accordingly, the Court grants
2 Defendant's motion to dismiss, with leave to amend.
3   Finally, the Court notes that the loan agreement at issue here provided for a
4 grievance resolution procedure requiring Plaintiff, prior to bringing a lawsuit against
5 Defendant, to provide written notice to Defendant and an opportunity to cure any alleged
6 breach of the agreement.  (<u>See</u> Decl. of Judy Faber ISO Def's. Mot. to Dismiss, Ex. B.)
7 Plaintiff's present complaint does not allege that Plaintiff complied with this provision.

## Conclusion

9   For the foregoing reasons, the Court grants with leave to amend Defendant's motion
10 to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil
11 Procedure.  Plaintiff shall have 30 days from the date this order is stamped "filed" to file an
12 amended complaint.
13 IT IS SO ORDERED.
14 DATED:  June 12, 2008

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

18 COPIES TO:
All parties of record.