**BLUMENTHAL & NORDREHAUG**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, California 92037
(858)551-1223
Fax: (858) 551-1232

Attorneys for Plaintiff Doug Pearson

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUG PEARSON, an individual, on behalf of himself, and on behalf of all persons similarly situated, | Civil Action No. **08 cv 0515  H** (NLS) |
| Plaintiff, | *CLASS ACTION* |
| vs. | FIRST AMENDED COMPLAINT FOR: (1) UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200 *et seq.*, and (2) FRAUD AND DECEIT |
| HOMECOMINGS FINANCIAL LLC, formerly known as HOMECOMINGS FINANCIAL NETWORK, INC.; and DOES 1 through 100, Inclusive, | |
| Defendants. | |

1

1

**INTRODUCTION**

2    1.    COMES NOW, Plaintiff Doug Pearson ("Plaintiff"), individually and on behalf of

3  all others similarly situated, who brings this action as a class action against Defendant

4  HOMECOMINGS FINANCIAL, LLC, formerly known as HOMECOMINGS FINANCIAL

5  NETWORK, INC., and DOES 1 through 10, inclusive (hereinafter collectively referred to as

6  "HOMECOMINGS"), for violations of the Unfair Competition Law (Business & Professions Code

7  § 17200, *et seq.*) and for Fraud and Deceit (Civil Code §§ 1709, 1710).  Plaintiff alleges, based upon

8  information and belief, except where otherwise stated, as follows:

9

10

**NATURE OF THE ACTION**

11    2.    At loan origination on or about August 5, 2005, when Plaintiff Pearson refinanced

12  his mortgage with HOMECOMINGS, Plaintiff Pearson specifically requested a loan that would not

13  impose a prepayment penalty in the event his house was sold.  Plaintiff Pearson knew that he would

14  be attempting to sell his home, so at the time of loan origination, the HOMECOMINGS employee

15  affirmed that the loan would have no prepayment penalty imposed if he sold the property, but a

16  prepayment penalty could be imposed if he refinanced the loan as was HOMECOMINGS uniform

17  policy and practice.   Because this was a material concern of Plaintiff Pearson, he even called the

18  HOMECOMINGS customer service department on several occasions and received confirmation that

19  his loan was without a prepayment penalty in the event the property was sold as this was

20  HOMECOMINGS uniform policy and practice.  The uniform representation by HOMECOMINGS

21  to Plaintiff Pearson at loan origination and thereafter was that the standard form loan contract of

22  HOMECOMINGS contains the following standard form language which represents to him and all

23  borrowers similarly situated that HOMECOMINGS would not charge a prepayment penalty in the

24  event the property was sold:

25          Notwithstanding the foregoing, in no event shall Note Holder impose a prepayment
          penalty when the Note Holder declares by written notice that this Note is due pursuant
26          to a due-on-sale clause...or as otherwise prohibited by applicable law or regulation.

27  Consistent with the above contractual language, federal law similarly prohibits the imposition of a

28

1    prepayment penalty or the equivalent fee under these circumstances.  See 12 C.F.R. § 591.5(b)(2).

2        3.    Contrary to this written representation made by HOMECOMINGS in

3    HOMECOMINGS' standard form loan contract and federal law, HOMECOMINGS imposed a

4    prepayment penalty charge on Plaintiff Pearson when his residential property was sold on or about

5    August 1, 2007.

6        4.    In June 2007, when Plaintiff Pearson first learned about the prepayment penalty to

7    be charged by HOMECOMINGS as part of HOMECOMINGS' payoff demand, he contacted

8    HOMECOMINGS to dispute the charge.  Plaintiff Pearson first spoke with HOMECOMINGS'

9    employee "Ross," employee number 73664, on or about June 20, 2007 at which time Plaintiff

10   disputed the charge and demanded a correction of the charge.   Not having received the requested

11   relief or any written acknowledgment of the dispute, on June 25, 2007 Plaintiff Pearson again

12   contacted HOMECOMINGS and spoke with HOMECOMINGS' employee "Dexter", employee

13   number 73756.  In this second conversation, Plaintiff Pearson again disputed the prepayment penalty

14   charge and demanded a correction of the charge prior to closing.

15       5.    Because Plaintiff Pearson did not receive any correction of the charge in response

16   to his communications, on July 26, 2007, Plaintiff Pearson sent a formal letter to HOMECOMINGS

17   disputing the prepayment penalty charge.  The letter quoted the standard language of the loan

18   contract and demanded correction of the charge prior to closing.  Plaintiff Pearson never received

19   any corrective action from HOMECOMINGS in response to the letter.

20       6.    As the sale of Plaintiff Pearson's property funded on or about August 1, 2007, the

21   disputed prepayment penalty that was expressly not to be due on sale was held in escrow because

22   of the dispute.  During the period August 13th through 17th, Plaintiff Pearson continued to contact

23   HOMECOMINGS and left messages for and spoke with employee Shirley Vanright about the

24   disputed charge.  During the period August 18-19, 2007, Plaintiff Pearson spoke with Scott Lasier

25   at HOMECOMINGS, who informed Plaintiff that he had looked into the dispute and that consistent

26   with company policy as uniformly applied to all borrowers without discrimination, the prepayment

27   penalty was properly imposed and would not be refunded as this was no mistake.  Mr. Lasier further

28

threatened Plaintiff Pearson that he would charge interest as a result of any delay resulting from the dispute over the prepayment penalty charge. Faced with this threat from HOMECOMINGS, the money held in escrow for the prepayment penalty charge was released to HOMECOMINGS under protest, and Plaintiff Pearson was left with no option but to pursue this legal action. In fact, Plaintiff Pearson told HOMECOMINGS in a second letter that the charge was fraudulent, was being paid in protest, and that he would institute legal action to recover the amount of the charge. HOMECOMINGS provided no corrective action in response to any of the communications and letters sent by Plaintiff Pearson. As a result, the imposition of the charge by HOMECOMINGS was not a mistake, was not accidental, and was imposed as part of HOMCOMINGS uniform policy and practice applied to all persons similarly situated.

## VENUE & JURISDICTION

7.     Federal jurisdiction over this controversy is proper under 28 U.S.C. § 1332 because (i) the Plaintiff and the members of the Class are residents of California; (ii) HOMECOMINGS FINANCIAL, LLC, formerly known as HOMECOMINGS FINANCIAL NETWORK, INC. is and was a resident of Minnesota; (iii) the amount in controversy is reasonably expected to exceed $5 million when considering the operations of the HOMECOMINGS, the number of borrowers of HOMECOMINGS who sold their home in the last four years, and the amount of the prepayment penalty charged per person; and (iv) the action is brought as a class action under F.R.C.P. § 23. Venue is proper within this judicial district pursuant because the Plaintiff is a resident of San Diego County, California and because the HOMECOMINGS conduct a substantial amount of business in San Diego County, California.

## PARTIES

8.     HOMECOMINGS FINANCIAL, LLC, was formerly known as HOMECOMINGS FINANCIAL NETWORK, INC., and HOMECOMINGS FINANCIAL, LLC is the successor interest to HOMECOMINGS FINANCIAL NETWORK, INC. (hereinafter collectively referred to

as "HOMECOMINGS"). HOMECOMINGS, is a limited liability company with a principal place of business in Minneapolis, Minnesota, and is authorized to do business and in fact does business in California. HOMECOMINGS has a substantial residential lending program. HOMECOMINGS is an indirect wholly owned subsidiary of GMAC LLC, one of the largest financial services companies in the world. According to HOMECOMINGS' website, HOMECOMINGS is one of the nation's leading servicers of mortgages. HOMECOMINGS services the mortgages of more than 800,000 households nationwide and together with GMAC Mortgage, LLC, services the mortgages of more than 3.5 million households throughout the U.S. and comprise the servicing operations of GMAC ResCap, one of the nation's largest real estate finance companies.

9. DOUG PEARSON is an individual residing in California who owned real property located at 2677 Villas Way, in San Diego, California 92108, which was subject to a residential loan agreement with HOMECOMINGS. Plaintiff brings this action as an individual and on behalf of himself and a class of similarly situated consumers, pursuant to California Business & Professions Code §17204. The claims of the Plaintiff is typical and representative of the claims of the absent members of the Class in that HOMECOMINGS charged Plaintiff and all members of the Class a prepayment penalty at the closing of the sale of their residential property secured by a the loan with HOMECOMINGS in violation of the express terms and representations contained in the standard loan agreement and federal law. The Plaintiff and all members of the Class similarly situated paid these charges and thereby suffered a financial injury for which restitution from HOMECOMINGS is required.

10. Plaintiff is unaware of the true names and capacities of the remaining Defendants sued in this action by the fictitious names DOES 1 through 10. Plaintiff will amend this complaint when those names and/or capacities become known to Plaintiff. Plaintiffs are informed and believe that each of the fictitiously named DOE DEFENDANTS is in some manner responsible for the events and allegations set forth in this complaint.

11. Plaintiff seeks restitution on behalf of a class defined all persons who, during the four years preceding the filing of this action and up until the date as determined by the Court, were

charged a prepayment penalty by HOMECOMINGS on a loan secured by residential property that was prepaid in accordance with a due-on-sale clause.  Excluded from the Class are all Defendants and all agents, attorneys, and employees of Defendants; all members of the California judiciary sitting in judgment of this case; all Plaintiffs' attorneys and their employees; and, all other persons within three degrees of consanguinity of the afore named Defendants, attorneys, employees and judges.

12.    Each of the above named Defendants agreed among themselves to engage in a scheme for the purpose of increasing the revenues received by each of the Defendants.  At all material times herein mentioned, each of the Defendants was the co-conspirator, joint venturer, successor, agent, aider & abettor, and/or employee of each of the remaining Defendants and was, at all relevant times, acting within the course and scope of such plan, conspiracy, successorship, joint venture, agency and employment.  In doing the things alleged in the causes of actions stated herein, each and every defendant was acting within the course and scope of this agency or employment and was acting with the consent, permission and authorization of each of the remaining Defendants.  All actions of each Defendant as alleged in the causes of action stated herein were ratified and approved by every other defendant or their officers or their managing agents.

## SUBSTANTIVE ALLEGATIONS

13.    At all relevant times alleged herein, HOMECOMINGS was in the business of making loan contracts for residential real property located in California.  HOMECOMINGS originates and/or procures mortgage loan contracts which contain standard covenants and conditions, and as a result, the applicable language in all of the Class members' loan contracts is uniform.  Plaintiff and all members of the Class similarly situated had a loan contract with HOMECOMINGS which contains the uniform standard form language prohibiting the imposition of prepayment penalties when the residential property loan was prepaid in full pursuant to a due-on-sale clause, which reads in relevant part as follows:

Notwithstanding the foregoing, in no event shall Note Holder impose a prepayment penalty when the Note Holder declares by written notice that this Note is due pursuant

1    to a due-on-sale clause... or as otherwise prohibited by applicable law or regulation.

2    Consistent with the above contractual language, federal law similarly prohibits the imposition of a

3    prepayment penalty or the equivalent fee under these circumstances.  See 12 C.F.R. § 591.5(b)(2).

4    14.    In June 2007, Plaintiff Doug Pearson informed HOMECOMINGS of his

5    intent to transfer ownership of the residential real property which secured his loan with

6    HOMECOMINGS.   In June 2007, HOMECOMINGS provided written notice of the amount due

7    on the loan pursuant to the due-on-sale clause and added an additional prepayment penalty charge.

8    Plaintiff Doug Pearson paid HOMECOMINGS the amount declared due on the loan pursuant to the

9    due-on-sale clause.  In addition to the amount due to payoff the amount owed on the loan pursuant

10   to the due-on-sale clause, Plaintiff Doug Pearson also paid HOMECOMINGS the imposed

11   prepayment penalty in the amount of $17,194.88 on or about August 1, 2007.  Plaintiff Doug

12   Pearson now seeks, by way of this lawsuit, restitution of prepayment penalties paid by himself and

13   the putative class members to HOMECOMINGS.

14   15.    At loan origination on or about August 5, 2005, when Plaintiff Pearson refinanced

15   his mortgage with HOMECOMINGS, Plaintiff Pearson specifically requested a loan that would not

16   impose a prepayment penalty in the event his house was sold.  Plaintiff Pearson knew that he would

17   be attempting to sell his home, so at the time of loan origination, the HOMECOMINGS employee

18   affirmed that the loan would have no prepayment penalty imposed if he sold the property, but a

19   prepayment penalty could be imposed if he refinanced the loan as was HOMECOMINGS uniform

20   policy and practice.   Because this was a material concern of Plaintiff Pearson, he even called the

21   HOMECOMINGS customer service department on several occasions and received confirmation that

22   his loan was without a prepayment penalty in the event the property was sold as this was

23   HOMECOMINGS uniform policy and practice.  The uniform representation by HOMECOMINGS

24   to Plaintiff Pearson at loan origination and thereafter was that the standard form loan contract of

25   HOMECOMINGS contains the following standard form language which represents to him and all

26   noteholders similarly situated that HOMECOMINGS would not charge a prepayment penalty in the

27   event the property was sold:

28

1
2

Notwithstanding the foregoing, in no event shall Note Holder impose a prepayment
penalty when the Note Holder declares by written notice that this Note is due pursuant
to a due-on-sale clause...or as otherwise prohibited by applicable law or regulation.

3   Federal law similarly prohibits the imposition of a prepayment penalty or the equivalent fee under the

4   circumstances at issue in this complaint.  See 12 C.F.R. § 591.5(b)(2).

5        16.    Contrary to this written representation made by HOMECOMINGS in

6   HOMECOMINGS' standard form loan contract and federal law, HOMECOMINGS imposed a

7   prepayment penalty charge on Plaintiff Pearson when his residential property was sold on or about

8   August 1, 2007.

9        17.    In June 2007, when Plaintiff Pearson first learned about the prepayment penalty to

10  be charged by HOMECOMINGS as part of HOMECOMINGS' payoff demand, he contacted

11  HOMECOMINGS to dispute the charge.  Plaintiff Pearson first spoke with HOMECOMINGS'

12  employee "Ross," employee number 73664, on or about June 20, 2007 at which time Plaintiff

13  disputed the charge and demanded a correction of the charge.   Not having received the requested

14  relief or any written acknowledgment of the dispute, on June 25, 2007 Plaintiff Pearson again

15  contacted HOMECOMINGS and spoke with HOMECOMINGS' employee "Dexter", employee

16  number 73756.  In this second conversation, Plaintiff Pearson again disputed the prepayment penalty

17  charge and demanded a correction of the charge prior to closing.

18       18.    Because Plaintiff Pearson did not receive any correction of the charge in response

19  to his communications, on July 26, 2007, Plaintiff Pearson sent a formal letter to HOMECOMINGS

20  disputing the prepayment penalty charge.  The letter quoted the standard language of the loan

21  contract and demanded correction of the charge prior to closing.  Plaintiff Pearson never received

22  any corrective action from HOMECOMINGS in response to the letter.

23       19.    As the sale of Plaintiff Pearson's property funded on or about August 1, 2007, the

24  disputed prepayment penalty was held in escrow because of the dispute.  During the period August

25  13th through 17th, Plaintiff Pearson continued to contact HOMECOMINGS and left messages for and

26  spoke with employee Shirley Vanright about the disputed charge.  During the period August 18-19,

27  2007, Plaintiff Pearson spoke with Scott Lasier at HOMECOMINGS, who informed me that he had

28

1  looked into the dispute and that according to company policy, the prepayment penalty was properly

2  imposed and would not be refunded.  Mr. Lasier further threatened Plaintiff Pearson that he would

3  charge interest as a result of the delay resulting from the dispute over the prepayment penalty

4  charge.  Faced with this threat from HOMECOMINGS, the money held in escrow for the

5  prepayment penalty charge was released to HOMECOMINGS under protest, and Plaintiff Pearson

6  was left with no option but to pursue legal action.  In fact, Plaintiff Pearson told HOMECOMINGS

7  in a second letter that the charge was fraudulent, was being paid in protest, and that he would

8  institute legal action to recover the amount of the charge.  HOMECOMINGS provided no corrective

9  action in response to any of the communications and letters sent by Plaintiff Pearson.  As a result,

10 the imposition of the charge by HOMECOMINGS was not a mistake and was not accidental.

11        20.    During Plaintiff Pearson's demand for a reversal of the charge, and the

12 subsequent conversation regarding HOMECOMINGS policies with HOMECOMINGS employee

13 Scott Lasier, Plaintiff Pearson was informed that the imposition of the prepayment penalty following

14 the sale of the residential property was company policy and that company policy and procedures

15 were being followed in the case of Plaintiff Pearson and all others similarly situated and that no

16 exception would be made for him or anyone else.  As a result of HOMECOMINGS' company policy

17 and procedure of uniformly imposing a prepayment penalty on loans that contain the standard

18 contractual language cited herein without exception, the contract grievance provision requiring

19 notice was rendered a nullity and of no force and effect here.  This company policy of imposing a

20 prepayment penalty on loans with the standard contractual language of Plaintiff and others similarly

21 situated was therefore followed without exception or discrimination with respect to the other

22 members of the Class who sold their home during the class period, and any attempt to demand a

23 correction through the grievance procedure was futile and would be an idle act.

24        21.    Given the admitted futility because this charge was imposed pursuant to an admitted

25 company policy and procedure, the Plaintiff and the other members of the Class are excused from

26 compliance with regard to complying with the contractual grievance procedure before filing suit.

27 Further, the grievance procedure is unfair because HOMECOMINGS is the sole arbiter of such

28

complaints and there is no independent tribunal or determination. Moreover, to the extent that HOMECOMINGS contends that the failure of certain members of the Class to comply with the grievance procedure with respect to the imposition of prepayment penalties somehow bars such members of the Class from becoming members of the Class or receiving a monetary recovery, the grievance procedure provision would operate as an unconscionable class action waiver which is prohibited by California law. Finally, in such a situation where HOMECOMINGS is found to have violated the rights of borrowers, but borrowers were not permitted to recover as a Class, the grievance procedure provision would operate as an exculpatory clause in violation of public policy and in violation Civil Code § 1668. For all of these reasons, Plaintiff and the other similarly situated members of the Class are excused from complying with this grievance procedure before filing suit.

22.    On this basis of this stated company policy and the experience of Plaintiff Pearson, Plaintiff alleges that HOMECOMINGS engaged in an unfair, unlawful and deceptive business practice by imposing prepayment penalty charges on borrowers when the residential property loan was prepaid in full pursuant to a due-on-sale clause, despite the fact that the standard form loan agreement contains express language prohibiting the imposition of a charge when the property is sold.

23.    HOMECOMINGS prepayment penalties on residential loans were improperly imposed by HOMECOMINGS when borrowers' sold their property because such charges (i) are contrary to what was uniformly represented to borrowers in the written loan agreement, (ii) violate the express terms of the standard form residential loan agreement between HOMECOMINGS and the members of the Class, including the Plaintiff, and (iii) are prohibited by federal law.

24.    The members of the Class alleged herein each had an identical loan provision with HOMECOMINGS which prohibited imposition of prepayment penalties when the residential property loan was prepaid in full pursuant to a due-on-sale clause which HOMECOMINGS never renounced until Plaintiff and each of the Class members sold their residential properties. As a result, HOMECOMINGS unfairly, unlawfully and deceptively charged Plaintiff and the other members of the Class alleged herein prepayment penalties when the residential property loan was prepaid in

full pursuant to a due-on-sale clause, in violation of the standard form loan agreement and federal law.

25.    At loan inception, the written representations by HOMECOMINGS in the standard form loan agreement uniformly represented that a prepayment penalty would not be charged to the borrower when the  residential property loan was prepaid in full pursuant to a due-on-sale clause loan.

26.    When the members of the alleged Class notified HOMECOMINGS of their intent to transfer ownership of the residential real property which secured their loans, as a matter of company policy and practice HOMECOMINGS provided borrowers with written notice of the prepayment penalty along with the amount due for loan payoff pursuant to the due-on-sale clause.

27.    Contrary to the representations made by HOMECOMINGS in the loan agreement and in systematic violation of their voluntary obligations and federal law, HOMECOMINGS, as a matter of company policy and practice, uniformly charged each member of the alleged Class a prepayment penalty in addition to the amount due to payoff the amount due on the loan pursuant to the due-on-sale clause.

28.    In order to effectuate the sale of their residences, the members of the alleged Class were each forced to pay HOMECOMINGS the imposed prepayment penalty as demanded by HOMECOMINGS under the due on sale clause.   The conduct of HOMECOMINGS with respect to the other members of the Class was identical in all material respects to HOMECOMINGS' conduct with respect to Plaintiff Pearson.

29.    Plaintiff Doug Pearson now seeks, by way of this lawsuit, restitution of unlawfully, unfairly and deceptively charged prepayment penalties paid by himself and the alleged class members to HOMECOMINGS.

30.    HOMECOMINGS has retained the funds obtained from Plaintiff Doug Pearson and the other members of the putative class as prepayments penalties.  HOMECOMINGS engaged in this alleged practice in order to profit at the expense of the Plaintiff and the other members of the CLASS.  HOMECOMINGS was unjustly enriched through the policy and practice alleged herein.

31.     Plaintiff and every other member of the alleged Class suffered an injury in fact and suffered loss of money through their payment of a prepayment penalty in violation of the standard form loan agreement and the voluntary obligations agreed to by HOMECOMINGS.

## **CLASS ALLEGATIONS**

32.     Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure as a class action on Plaintiff and on behalf of the following Class defined as:

ALL INDIVIDUALS WHO DURING THE CLASS PERIOD WERE CHARGED A PREPAYMENT PENALTY AND PAID THE PREPAYMENT PENALTY TO HOMECOMINGS WHEN THEIR TRANSFER OF THE OWNERSHIP OF THEIR RESIDENTIAL REAL PROPERTY IN CALIFORNIA RESULTED IN A LOAN PAYOFF UNDER THE DUE-ON-SALE CLAUSE.     THE CLASS PERIOD APPLICABLE TO THIS CLASS BEGINS ON MARCH 19, 2004 AND CONTINUES THROUGH THE END DATE AS ORDERED BY THE COURT, UNLESS THE COURT FINDS THAT TOLLING APPLIES TO THESE DATES.

Excluded from the Class are Defendants, any parent, subsidiary of affiliate of Defendants, and their officers, directors, and employees of Defendants, and any judicial officer who may preside over this cause of action.

33.     The requirements for maintaining this action as a class action are satisfied in that:

a.     It is impracticable to bring all members of the Class before the Court.  Plaintiff estimates that there are thousands of Class Members geographically spread throughout California. Attempting to join and name each Class member as a co-plaintiff would be unreasonable and impracticable.

b.     There are questions of law and fact common to the Class, which are identical for each member of the Class and which predominate over the questions affecting the individual Class members, if any.  Among these common questions of law and fact are:

(i)     Whether HOMECOMINGS' entered into standard form loan agreements with California borrowers which represented that "Notwithstanding the foregoing, in no event shall Note Holder impose a prepayment penalty when the Note Holder declares by written notice that this Note is due pursuant to a due-on-sale clause, when the Note

holder commences a judicial or non-judicial foreclosure proceeding to enforce a due-on-sale clause or to seek payment in full as a result of invoking such clause, or as otherwise prohibited by applicable law or regulation";

(ii)     Whether HOMECOMINGS had a company policy and procedure under which HOMECOMINGS uniformly imposed prepayment penalty charges on borrowers when the borrowers' residential property loans were prepaid in full pursuant to a due-on-sale clause;

(iii)    Whether HOMECOMINGS' grievance procedure term is enforceable in light of the futility of use of the procedure, the provision's violation of public policy, and applicable law

(iv)    Whether HOMECOMINGS' conduct of imposing a prepayment penalty on the Class systematically violated the terms of the standard form loan contract;

(v)     Whether HOMECOMINGS' conduct of imposing a prepayment penalty on the Class violated the written representations made HOMECOMINGS at loan inception and violated the obligations voluntarily assumed by HOMECOMINGS;

(vi)    Whether HOMECOMINGS' conduct was deceptive within the meaning of Business & Professions Code § 17200, et seq.;

(vii)   Whether HOMECOMINGS' conduct was unfair within the meaning of Business & Professions Code § 17200, et seq.;

(viii)  Whether HOMECOMINGS' conduct was unlawful within the meaning of Business & Professions Code § 17200, et seq.

(ix)    Whether the HOMECOMINGS engaged in a uniform corporate practice of imposing prepayment penalties in the event a loan was paid off due to a borrower's conveyance of ownership in the real property;

FIRST AMENDED COMPLAINT

(x)    Whether the HOMECOMINGS received and/or retained revenue acquired through the practice alleged herein; and/or,

(xi)   Whether HOMCOMINGS violated 12 C.F.R. § 591.5(b)(2).

c.    The claims of the representative Plaintiff are typical of the claims of the Class in that the Plaintiff had a residential real property loan with HOMECOMINGS that was secured by residential real property in California and was charged and paid prepayment penalties on or about August 1, 2007 when paying off his loan during the transfer of ownership of the residential real property.  The language of Plaintiff's residential real property loan contract with HOMECOMINGS was identical to the loan contract of the members of the Class as to all material and relevant terms.  HOMECOMINGS had, and continues to have, a company policy and practice applicable to all class members to charge them this prepayment penalty in contravention of the express terms of the contract and any attempt to complain and have the charge corrected was useless and futile as the policy was not subject to exception as a grievance claim.  The claims of both the named Plaintiff and the claims of all other Class members result from HOMECOMINGS' uniform practice of charging prepayment penalties following a demand for payment in full on the loan pursuant to a due-on-sale clause as a matter of company policy and practice and refusing to modify this practice.

d.    The claims of the representative Plaintiff will fairly and adequately protect the interests of the Class.  The Class interests are coincident with, and not antagonistic to, those of the Plaintiff.  Furthermore, Plaintiff has retained and is represented by experienced class action counsel.

34.    In this action, Plaintiff and the Class seek all relief for which class-wide relief is available under applicable law, including but not limited to restitution.  There can be no manageability problems due to variations in state laws or choice of law provisions because the Class is limited to only those personas whose real property was located in California and their standard loan contract with HOMECOMINGS uniformly and voluntarily agrees to be controlled by the same applicable law.

35.    A class action is superior to any other available methods for the fair and efficient

adjudication of this controversy.  The amount of each individual claim is too small to warrant individual litigation.  Even though the restitution claim of Plaintiff Pearson is $17,194.88, exclusive of interest, this amount is too small to warrant individual litigation given the cost to perform legal research, retain experts, retain experienced counsel, conduct discovery and pay for trial.  Even if a group of class members could afford individual litigation, such a multitude of individual litigation would be unduly burdensome to the courts in which the individual litigation would proceed.  The class action device is preferable to individual litigation because it provides the benefits of unitary adjudication, economies of scale, and comprehensive adjudication by a single court.  The class action device is also warranted to prevent inconsistency of decisions between courts concerning the same contract language and same applicable law.  Finally, class wide litigation will insure that wrong doers do not retain the ill-gotten gains acquired through their wrongful conduct.

36.    A certified Class is appropriate because HOMECOMINGS has uniformly acted or refused to act on grounds generally applicable to the class, thereby making appropriate final relief with respect to the Class as a whole.  The common questions of law and fact predominate over individual questions because all injuries sustained by any member of the Class arise out of the singular conduct of the HOMECOMINGS in uniformly imposing and unfairly and deceptively charging prepayment penalties in violation of their voluntarily assumed contractual obligations and in systematic violation of the standard loan contract.

### FIRST CAUSE OF ACTION

**FOR UNFAIR COMPETITION IN VIOLATION OF
CALIFORNIA BUSINESS & PROFESSIONS CODE §17200, *et seq.*
(Against All Defendants)**

37.    Plaintiff repeats, incorporates by reference and realleges the allegations contained in Paragraphs 1-36 above as if fully set forth herein.

38.    California law defines unfair competition to include any "unfair," "unlawful," or "fraudulent" business act or practice. California Business & Professions Code § 17200. "Unlawful" business acts are those which are in violation of court made law, federal, state, county, or municipal

statutes or codes, and/or well as federal and state regulations.  "Unfair" business acts are those which offend an established public policy or are immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.   "Fraudulent" or "deceptive" business practices are those which are "likely to deceive" members of the public.  The systematic violation of standard contract terms in order to reap a profit has been held to violate Business & Professions Code § 17200.

39.     The acts and/or practices of HOMECOMINGS constitute "unfair" business practices because HOMECOMINGS systematically violated terms of borrowers' standard form loan agreement and the voluntarily assumed obligations of HOMECOMINGS as a matter of company policy and procedure.  HOMECOMINGS unfairly charged borrowers for prepayment penalties as to which HOMECOMINGS had no right to charge.  HOMECOMINGS systematically violated such term and obligations in order to reap a substantial profit, at the expense of the borrowers.  The systematic violation of standard terms in a consumer contract as alleged herein has been uniformly held by courts to constitute actionable unfair competition.

40.     The acts and/or practices of HOMECOMINGS are likely to deceive a reasonable consumer because HOMECOMINGS represented in written at loan origination that borrowers would not be charged prepayment penalties in the event of the sale of their residential property, but HOMECOMINGS has a secret policy and practice of imposing a prepayment penalty in the event the loan is paid off in accordance with a due-on-sale clause.  Plaintiff, like every other member of the class, was informed by HOMECOMINGS in written loan contracts at the time of loan origination that a prepayment penalty would not be charged following the payment in full of the loan pursuant to the due-on-sale clause.   Contrary to this uniform written representation, HOMECOMINGS deceptively charged Plaintiff and the other members of the class a prepayment penalty following the payment in full of the loan pursuant to the due-on-sale clause.  Further, the acts and/or practices of HOMECOMINGS were intended to result and did result in the payment of substantial penalties by members of the Class, resulting in substantial revenue to the HOMECOMINGS at the expense of the members of the Class.

41.     The acts and/or practices of HOMECOMINGS constitute "unlawful" business

practices because HOMECOMINGS' practices violate federal law.  Further, the acts and/or practices of HOMECOMINGS were intended to result and did result in the payment of substantial penalties by members of the Class, resulting in substantial revenue to the HOMECOMINGS at the expense of the members of the Class.

42.    Through these practices, HOMECOMINGS maintain an unfair business advantage over competitors who follow the law and observe their contractual obligations.

43.    Plaintiff, as a representative of a class of persons with common or general interest, is entitled to bring an action as to HOMECOMINGS' wrongful practices and to obtain restitution for the monies acquired by HOMECOMINGS through such wrongful practices.  Plaintiff is authorized to bring such action on behalf of the class of people with common or general interest, pursuant to California Business & Professions Code § 17200, et. seq.

44.    As a direct and proximate result of HOMECOMINGS' acts and/or practices of unfair competition, Plaintiff individually lost money, and the members of the Class also lost money in the form of the prepayment penalties charged by HOMECOMINGS.  These substantial monies were received by HOMECOMINGS and retained by HOMECOMINGS, at the expense of Plaintiff and the members of the Class.  Plaintiff requests this Court order, as it is empowered to order, restitution to all persons from whom HOMECOMINGS unfairly or deceptively charged such penalties.

## SECOND CAUSE OF ACTION

### FOR FRAUD AND DECEIT
### (Against Defendant HOMECOMINGS)

45.    Plaintiff repeats, incorporates by reference and realleges the allegations contained in Paragraphs 1-44 above as if fully set forth herein.

46.    At all times during which HOMECOMINGS was in the business of making loan contracts for residential real property located in California, HOMECOMINGS knowingly, intentionally, wilfully, and purposefully deceived Plaintiff and the other members of the Class by making false and fraudulent misrepresentations in writing at loan inception regarding

HOMECOMINGS' company practice and policy of imposing prepayment penalties when the residential property loan was prepaid in full pursuant to a due-on-sale clause. At loan inception, HOMECOMINGS uniformly represented in writing to Plaintiff and all other members of the Class that "in no event shall Note Holder impose a prepayment penalty when the Note Holder declares by written notice that this Note is due pursuant to a due-on-sale clause...or as otherwise prohibited by applicable law or regulation." This misrepresentation by HOMECOMINGS was made in writing to each borrower pursuant to a standardized sales pitch by authorized HOMECOMINGS employees through a centrally orchestrated strategy of HOMECOMINGS, which was ratified and adopted by the corporate entity. The standardized protocol of HOMECOMINGS was that the above representation was made in writing to every residential borrower as part of the loan process without exception or discrimination between borrowers and pursuant to which no contrary information was provided to borrowers.

47. At all relevant times to this action, HOMECOMINGS knew that this representation was in fact false and inaccurate. The true and accurate facts knowingly and intentionally concealed by HOMECOMINGS when making this uniform written representation was that the HOMECOMINGS' actual company policy and practice was to impose prepayment penalty charges on borrowers when the borrowers' residential property loans were prepaid in full pursuant to a due-on-sale clause. This information was known to HOMECOMINGS, and HOMECOMINGS intentionally misrepresented the prepayment penalty charge and withheld the true facts from Plaintiff and the other members of the Class.

48. At all times during which HOMECOMINGS made the above-mentioned written representations, HOMECOMINGS knew that the representations were false, misleading and inaccurate and intended that the representations be relied upon. HOMECOMINGS made the representations with the intent to deceive Plaintiff and other members of the Class, and with the intent to induce Plaintiff and other members of the Class to use HOMECOMINGS as their mortgage lender. The misrepresentation as herein alleged was material and significant to the consumer transaction

49.    Plaintiff and the other members of the Class had no knowledge of the falsity of the HOMECOMINGS written representations, and could not have known due to the conduct of the HOMECOMINGS.  At loan inception, HOMECOMINGS never informed borrowers that the written representation was false or that HOMECOMINGS' company policy and practice in charging prepayment penalties was contrary to the written representations.  Not until loan payoff could a borrower learn that the representation was false and that HOMECOMINGS' charged a prepayment penalty contrary to the express representation in the loan documents and federal law.  In reliance upon such written representations, at all times Plaintiff and the other members of the Class believed the representation that "in no event shall Note Holder impose a prepayment penalty when the Note Holder declares by written notice that this Note is due pursuant to a due-on-sale clause...or as otherwise prohibited by applicable law or regulation."

50.    Plaintiff and the other members of the Class reasonably relied upon the written misrepresentations and were induced to and did in fact  use HOMECOMINGS as their mortgage lender to their detriment.  Plaintiff and the other members of the Class would not have  used HOMECOMINGS as their mortgage lender if they had known and been informed of the true facts concerning the imposition of prepayment penalties because they would have avoided thousands of dollars in prepayment penalty charges and there are mortgage lenders who comply with their contractual representations and federal law.

51.    Plaintiff and the other members of the Class justifiably and reasonably relied upon HOMECOMINGS written misrepresentations because HOMECOMINGS were in a special and fiduciary relationship to borrowers in that HOMECOMINGS held themselves out to have experience in the areas of residential mortgage lending.  Their reliance upon HOMECOMINGS' written misrepresentations was reasonable, as the Plaintiff and the other members of the Class did not, at all relevant times, have knowledge about HOMECOMINGS' actual company policy and practice of imposing prepayment penalties in contravention of the contractual representations and federal law.

52.    As a direct and proximate result of the forgoing fraudulent and deceitful conduct by

HOMECOMINGS, Plaintiffs and the other members of the Class used HOMECOMINGS as their mortgage lender and sustained injuries and damage as herein alleged, in an amount to be proven at trial. In particular, Plaintiff and every other member of the Class uniformly suffered the same damage in the form of the imposition of the prepayment penalty at loan payoff following the sale of their residential property, in an exact amount to be proved at trial.

53.    HOMECOMINGS had actual knowledge of the fact that HOMECOMINGS' company policy and practice was to impose prepayment penalties in contravention of the uniform written representation in loan documentation and federal law. HOMECOMINGS also had knowledge of the substantial financial injury to Plaintiff and the other members of the Class in the event a prepayment penalty was imposed, and acted with reckless disregard to the rights afforded under federal law and risk of those injuries to the Plaintiff and the other members of the Class. For these reasons, the conduct described herein by HOMECOMINGS was malicious, oppressive and/or fraudulent within the meaning of Civil Code § 3294, and justifies the award of punitive and/or exemplary damages.

## **PRAYER**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against the Defendants as follows:

1. Certify this action as a class action;

2. Award restitution of the prepayment penalties charged by HOMECOMINGS to the members of the Class in an amount to be proven at trial;

3. Award damages in an amount to be proven at trial;

4. Award of punitive or exemplary damages pursuant to Civil Code § 3294;

5. Order declaratory relief finding that Defendants have engaged in unlawful, unfair and/or deceptive business practices.

6. Award pre-judgment and post-judgment interest at the maximum rate allowed by law and an award of the costs of suit;

7.  Award Plaintiff attorneys' fees and all litigation expenses pursuant to California Code of Civil Procedure § 1021.5; and,

8.  Order such other and further relief as the Court may deem just and proper in its equitable discretion under applicable law.


Dated: June 30, 2008                    **BLUMENTHAL & NORDREHAUG**


                                        By:   *s/Norman B. Blumenthal*
                                              Norman B. Blumenthal, Esq.
                                              Attorneys for Plaintiff

FIRST AMENDED COMPLAINT

1

2

## DEMAND FOR JURY TRIAL

3        Plaintiff demands a jury trial on issues triable to a jury.

4

5    Dated: June 30, 2008                          **BLUMENTHAL & NORDREHAUG**

6

7                                                  By: _____s/Norman B. Blumenthal_____

8                                                       Norman B. Blumenthal, Esq.
                                                        Attorneys for Plaintiff

9

10

11    K:\D\NBB\Pearson\p-AMD-complaint-02.wpd

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT