LOCKE LORD BISSELL & LIDDELL LLP
John M. Hochhausler (SBN: 143801)
jhochhausler@lockelord.com
Cory A. Baskin (SBN: 240517)
cbaskin@lockelord.com
300 South Grand Avenue, Eighth Floor
Los Angeles, California  90071-3119
Telephone:  213.485.1500
Facsimile:  213.431.1500

Thomas J. Cunningham (*pro hac vice* application pending)
tcunningham@lockelord.com
Simon Fleischmann (*pro hac vice* application pending)
sfleischmann@lockelord.com
111 South Wacker Drive
Chicago, Illinois  60606-4410
Telephone:  312-443-0462
Facsimile:  312-896-6471

Attorneys for Defendant
HOMECOMINGS FINANCIAL, LLC
*f/k/a* HOMECOMINGS FINANCIAL
NETWORK, INC.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOUG PEARSON, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>        Plaintiff,<br><br>      vs.<br><br>HOMECOMINGS FINANCIAL LLC, formerly known as HOMECOMINGS FINANCIAL NETWORK, INC.; and DOES 1 through 100, Inclusive,<br><br>        Defendants. | CASE NO. 08 CV 0515 H NLS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**<br><br>**[Fed. R. Civ. P. Rule 12 (b)(6)]**<br><br>**Date:    June 16, 2008**<br>**Time:   10:30 a.m.**<br>**Place:  Courtroom 13**<br><br>**Hon. Marilyn L. Huff** |

Defendant Homecomings Financial, LLC *f/k/a* Homecomings Financial Network, Inc.

("Homecomings") submits the following memorandum of points and authorities in support of its

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA 90071-3119

1  Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion"), and states as

2  follows:

3  **INTRODUCTION**

4  Plaintiff's Complaint should be dismissed for failure to state a claim. Plaintiff has

5  sued Homecomings, on behalf of himself and all others similarly situated, alleging that

6  Homecomings pursues a "systematic and uniform" practice of fraudulently deceiving

7  customers by charging a prepayment penalty on residential mortgage loans in violation of the

8  terms of the loan agreements. Plaintiff alleges that Homecomings charged him such a

9  prepayment penalty when he paid his loan under a due-on-sale clause. Plaintiff contends that

10 this must be a standard practice because Homecomings uses form loan documents, but makes

11 no allegations with regard to any specific payment of prepayment penalties by any other

12 person than himself. Because Plaintiff's claim sounds in fraud, it must satisfy the

13 particularity standard of Rule 9(b). The lack of any allegations with regard to any transaction

14 other than Plaintiff's is fatal to his contention that Homecomings has engaged in any

15 "customary practice" sufficient to support a claim pursuant to California's Unfair

16 Competition Law, Bus. & Prof. Code § 17200, *et seq.* ("UCL").

17 More important, however, is Plaintiff's written agreement with Homecomings that

18 before he would bring any claim premised on a breach of their agreement he would first

19 provide written notice of the breach to Homecomings and provide Homecomings with an

20 opportunity to remedy that breach. Plaintiff made no effort to provide that notice or

21 otherwise avail himself of the grievance resolution procedure set forth in the parties'

22 agreement. Following those procedures is a necessary condition precedent to bringing this

23 lawsuit. Because Plaintiff has failed to give Homecomings advance notice of his belief that

24 Homecomings breached its contract with him and the opportunity to cure that purported

25 breach, as he agreed to do, Homecomings' Motion to Dismiss should be granted.

26 **STANDARD FOR MOTION TO DISMISS**

27 A plaintiff must allege sufficient facts to support the allegations in the complaint and

28 state a plausible claim that rises above a speculative level in order to avoid dismissal under

2

1   Rule 12(b)(6).  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).  A

2   statement of fact that "merely creates a suspicion [of] a legally cognizable right of action" is

3   not sufficient to survive a motion to dismiss.  *Id.*  Conclusory allegations and legal

4   conclusions cannot defeat a motion to dismiss.  *See Sprewell v. Golden State Warriors*, 266

5   F.3d 979, 988 (9th Cir. 2001); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th

6   Cir. 1994*); see also Spiegler v. Home Depot USA, Inc.,* 2008 U.S. Dist. LEXIS 33480, *12-

7   13 (C.D. Cal. Apr. 9, 2008) (granting motion to dismiss UCL claims).

8   ## ALLEGATIONS IN THE COMPLAINT

9    Plaintiff's allegations of fact are rather limited and may be found only in paragraphs

10  nine and ten of his Complaint.  Plaintiff and Homecomings were parties to a loan transaction

11  secured by residential real property in California.  (Complaint at ¶ 9.)  Plaintiff alleges his

12  "loan contract" with Homecomings contained language "prohibiting the imposition of

13  prepayment penalties when the residential property loan was prepaid in full pursuant to a

14  due-on-sale clause."  (Complaint at ¶ 9.)  Plaintiff further alleges that, "[o]n or about June,

15  2007," he informed Homecomings that he intended to sell his home.  (Complaint at ¶ 10.)

16  Homecomings then provided Plaintiff with written notice of the payoff amount, allegedly

17  under the due-on-sale clause stated in the loan agreement.  (Complaint at ¶ 10.)

18  Homecomings also charged Plaintiff a prepayment penalty in the amount of $17,194.88.

19  (Complaint at ¶ 10.)  Plaintiff paid the prepayment penalty on August 1, 2007.  (Complaint at

20  ¶ 10.)  Plaintiff now brings this class action seeking restitution of prepayment penalties paid

21  by himself and putative class members, for loans where prepayment penalties were charged

22  despite "loan contract" terms prohibiting prepayment penalties for payments made under a

23  due-on-sale clause.  (Complaint at ¶ 10.)

24   Every other allegation against Homecomings is pure speculation.  Plaintiff alleges no

25  facts to establish that Homecomings' alleged conduct was part of any "systematic and

26  uniform practice" of "unfairly and deceptively" charging prepayment penalties "in violation

27  of the loan agreement."  (Complaint at ¶ 11.)  Plaintiff alleges in the most conclusory fashion

28  possible that Homecomings entered into an agreement with other unnamed Defendants "to

**Locke Lord Bissell & Liddell LLP**
**300 South Grand Avenue, Eighth Floor**
**Los Angeles, CA, 90071-3119**

3

engage in a scheme for the purpose of increasing the revenues…" (Complaint at ¶ 8.)  Not

one fact is alleged to support Plaintiff's mechanical recitation of the pleading requirements to

establish a basis for class relief under Federal Rule of Civil Procedure 23.  (Complaint at ¶¶

15-19.)  Plaintiff fails to allege any facts to show that Homecomings has charged similar fees

to any other customer in any other loan transaction.  Even assuming the truth of the facts

regarding Plaintiff's individual loan transaction, not a single fact is alleged to establish that

Plaintiff's contract grievance is anything other than an isolated incident.  Accordingly, such

facts should not be accepted as true for purposes of Homecomings' Motion.

<u>**ARGUMENT**</u>

**I.    PLAINTIFF'S LOAN AGREEMENT WITH HOMECOMINGS CONTAINS A CURE PROVISION THAT MUST BE EXHAUSTED PRIOR TO THE COMMENCEMENT OF ANY JUDICIAL ACTION SUCH AS THE PRESENT CASE.**

Plaintiff's claim against Homecomings is based on his allegation that Homecomings

violated the terms of the parties' written "loan agreement."  Plaintiff does not attach the loan

agreement to the complaint, but he relies on its terms as the basis for his claim.  Accordingly,

Homecomings attaches the following agreements between the parties to its Motion, which

together make up the "Loan Agreement" between the parties:

1.    Adjustable Rate Note dated August 5, 2005, executed by Douglas R. Pearson

and delivered to Homecomings Financial Network, Inc., in the original principal amount of

$547,500.00 (the "Note"); and

2.    Deed of Trust dated August 5, 2005, executed by Douglas R. Pearson and

delivered to Homecomings Financial Network, Inc., covering certain real property commonly

known as 2677 Villas Way, San Diego, California  92108 (the "Deed of Trust").

The Declaration of Judy Faber, Servicing Manager of Homecomings, filed in support

of and concurrently with Homecomings' Motion to Dismiss, authenticates true and correct

copies of the Note and Deed of Trust, which are attached to said Declaration as Exhibits A

and B, respectively.  The Note and Deed of Trust are collectively referred to herein as the

"Loan Agreement."  The Loan Agreement is properly considered part of the pleadings

because Plaintiff necessarily relies on it to support his claim that Homecomings' violated the

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

1  Loan Agreement by charging a prepayment penalty. *Lee v. City of Los Angeles*, 250 F.3d

2  668, 690 (9th Cir. 2001). Moreover, where the terms of a written agreement that is part of

3  the pleadings conflict with the allegations in a complaint, the written agreement controls.

4  *Banis Restaurant Design, Inc. v. Serrano*, 134 Cal. App. 4th 1035, 1045 (2005).

5      The Loan Agreement contains a grievance resolution procedure that requires Plaintiff

6  to provide written notice to Homecomings and an opportunity to cure any alleged breach of

7  any part of the Loan Agreement. (Ex. 1-B at § 20.) That provision provides, in relevant part:

8      Neither Borrower nor Lender may commence, join, or be joined to any judicial action

9  (as either an individual litigant or the member of a class) that arises from the other party's

10  actions pursuant to this Security Instrument or that alleges that the other party has breached

11  any provision of, or any duty owed by reason of, this Security Instrument, until such

12  Borrower or Lender has notified the other party (with such notice given in compliance with

13  the requirements of Section 15) of such alleged breach and afforded the other party hereto a

14  reasonable period after the giving of such notice to take corrective action.

15      (Ex. 1-B at § 20.) All such notices must be in writing. (Ex. 1-B at § 15.)

16  Accordingly, Plaintiff expressly agreed to provide Homecomings with written notice and a

17  reasonable opportunity to take corrective action before commencing "any judicial action"

18  based on his allegation that Homecomings improperly charged a prepayment fee under the

19  Loan Agreement.

20      In California, "where the terms of [a] contract are plain and unambiguous, courts

21  have a duty to enforce the contract as agreed upon by the parties." *Baskin-Robbins, Inc. v.*

22  *Taj California, Inc.*, 2003 U.S. Dist. LEXIS 19946, *61-62 (C.D. Cal. 2003); *BTA, Inc. v.*

23  *Atlantic Mut. Ins. Co.*, 1999 U.S. Dist. LEXIS 9330, *7 (N.D. Cal. 1999). In addition, the

24  California Civil Code provides that "[w]hen a contract is reduced to writing, the intention of

25  the parties is to be ascertained from the writing alone, if possible." Cal. Civ. Code § 1639;

26  *BTA, Inc.*, 1999 U.S. Dist. LEXIS 9330 at *6-7.

27      A notice and cure provision, such as the one at issue in this case, is a valid and

28  enforceable contract term. *See Gueyffier v. Ann Summers, Ltd.*, 50 Cal. Rptr. 3d 294, 313 (2d

**Locke Lord Bissell & Liddell LLP**
**300 South Grand Avenue, Eighth Floor**
**Los Angeles, CA, 90071-3119**

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

1   Dist. 2007) (enforcing notice and cure provision in franchise agreement), *review granted*, 53

2   Cal. Rptr. 3d 802 (Cal. Jan. 17, 2007); *California State Auto. Assoc. Inter-Ins. Bureau v.*

3   *Pol'y Mgmt. Systems Corp.*, 1996 U.S. Dist. LEXIS 21823, *19-21 (N.D. Cal. 1996)

4   (upholding notice and cure provision, but denying summary judgment due to fact issue

5   regarding waiver).

6        In this case, the Loan Agreement contains a clear and unambiguous term requiring

7   Plaintiff to provide notice to Homecomings of the alleged breach and time for Homecomings

8   to take corrective action.  The notice and cure provision is a prerequisite for Plaintiff to take

9   any judicial action against Homecomings for any reason relating to the alleged breach.  In the

10  absence of allegations to establish that Plaintiff complied with the notice and cure provision

11  under the Loan Agreement Plaintiff may not assert claims against Homecomings in this

12  Court or any other judicial forum.  Accordingly, Plaintiff's Motion should be granted.

13  **II.    PLAINTIFF FAILS TO PLEAD HIS CLAIM WITH SUFFICIENT
         PARTICULARITY TO SATISFY RULE 9(B).**

14

15       Motions to dismiss should be granted where a complaint lacks sufficient facts to raise

16  the plaintiff's right to relief above a speculative level.  *See Twombly*, 127 S. Ct. at 1964-65.

17  In *Stewart v. Life Insurance Company of North America*, the court stated that "[a]n

18  unsupported opinion as to an alleged customary practice is insufficient to establish that

19  [defendant] engaged in any act or practice that could be interpreted as an unfair business

20  practice under § 17200."  388 F. Supp. 2d 1138, 1144 (E.D. Cal. 2005).

21       This is particularly true where, as here, a claim sounds in fraud.  In such cases, the

22  heightened pleading standard of Federal Rule of Civil Procedure 9(b) applies.  Fed. R. Civ. P.

23  9(b); *see Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103, 1105 (9th Cir. 2003)

24  (disregarding UCL claims that sounded in fraud but failed to meet the heightened pleading

25  requirements of Rule 9(b)); *Stickrath v. Globalstar, Inc.,* 527 F. Supp. 2d 992, 997 (N.D. Cal.

26  2007).

27       Claims sound in fraud when they "allege a unified course of fraudulent conduct and

28  rely entirely on that course of conduct as the basis of a claim."  *Vess*, 317 F.3d at 1103-04.

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

08 CV 0515 H (NLS)

1   Here, Plaintiff's class action claim sounds in fraud because it relies on the allegation that

2   Homecomings' alleged practices "constitute 'fraudulent' or 'deceptive' business practices

3   because Defendants' practices are likely to deceive a reasonable customer." (Complaint at ¶

4   23.) Therefore, Rule 9(b) applies. *Id.* at 1105.

5          Under Rule 9(b), allegations sounding in fraud must "state the time, place, and

6   specific content of the false representations as well as the identities of the parties to the

7   misrepresentations" in order to survive dismissal. *Stickrath*, 527 F. Supp. 2d at 998 (quoting

8   *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392-93 (9th Cir. 1988)). However,

9   the Complaint in this case fails to provide the necessary details to satisfy Rule 9(b). Plaintiff

10  provides no facts whatsoever, much less particular allegations, to establish that "Each of the

11  above named Defendants agreed among themselves to engage in a scheme for the purposes

12  of increasing revenues received by each of the Defendants." (Complaint at ¶ 8.) In addition,

13  the Complaint fails to plead particular facts regarding the date, time and content of Plaintiff's

14  alleged notification that he intended to transfer ownership of his home to another party, or the

15  content of Homecomings' alleged demand for payment under the due-on-sale clause.

16  (Complaint at ¶ 10.) This is information is necessary to determine whether Plaintiff's

17  payment to Homecomings complied with the terms of the due-on-sale clause in the Note,

18  which provides a specific procedure for notice, demand and payment in order to get relief

19  from a prepayment penalty. (Ex. 1-A at § 11.) Moreover, not a single fact is alleged to

20  establish that Homecomings is engaged in any "systematic and uniform practice" of

21  deceiving its customers as alleged throughout the Complaint. Indeed, the Complaint lacks

22  any facts to establish anything other than Plaintiff may have a grievance with Homecomings

23  that must first be submitted in writing with a reasonable opportunity for Homecomings to

24  take corrective action. (Ex. 1-B at § 20.) The Complaint should be dismissed as a result of

25  Plaintiff's failure to provide sufficient particular facts to satisfy Rule 9(b). Accordingly,

26  Plaintiff's Complaint should be dismissed under Rule 9(b).

27  ///

28  ///

**Locke Lord Bissell & Liddell LLP**
**300 South Grand Avenue, Eighth Floor**
**Los Angeles, CA, 90071-3119**

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

08 CV 0515 H (NLS)

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

## CONCLUSION

For all of the foregoing reasons, Defendant Homecomings Financial LLC's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted.

Dated:  May 15, 2008                    Respectfully Submitted,

                                        LOCKE LORD BISSELL & LIDDELL LLP


                                        By:  s/Cory A. Baskin
                                             John M. Hochhausler
                                             Cory A. Baskin
                                             Attorneys For Defendant HOMECOMINGS
                                        FINANCIAL, LLC *f/k/a* HOMECOMINGS
                                        FINANCIAL NETWORK, INC.

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

08 CV 0515 H (NLS)