LOCKE LORD BISSELL & LIDDELL LLP
John M. Hochhausler (SBN: 143801)
jhochhausler@lockelord.com
Cory A. Baskin (SBN: 240517)
cbaskin@lockelord.com
300 South Grand Avenue, Eighth Floor
Los Angeles, California  90071-3119
Telephone:  213.485.1500
Facsimile:  213.431.1500

Thomas J. Cunningham (admitted *pro hac vice*)
tcunningham@lockelord.com
Simon Fleischmann (admitted *pro hac vice*)
sfleischmann@lockelord.com
111 South Wacker Drive
Chicago, Illinois  60606-4410
Telephone:  312-443-0462
Facsimile:  312-896-6471

Attorneys for Defendant
HOMECOMINGS FINANCIAL, LLC
*f/k/a* HOMECOMINGS FINANCIAL
NETWORK, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUG PEARSON, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>                    Plaintiff,<br><br>     vs.<br><br>HOMECOMINGS FINANCIAL LLC, formerly known as HOMECOMINGS FINANCIAL NETWORK, INC.; and DOES 1 through 100, Inclusive,<br><br>                    Defendants. | CASE NO. 08 CV 0515 H (NLS)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S EX PARTE MOTION FOR FURTHER EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**[Filed concurrently with Notice of Ex Parte Motion and Ex Parte Motion; [Proposed] Order e-mailed directly to the Court]**<br><br>**Hon. Marilyn L. Huff**<br>**Courtroom 13** |

## I.   INTRODUCTION

On March 19, 2008, Plaintiff Doug Pearson ("Plaintiff") filed his initial complaint in this action alleging, on behalf of himself and all others similarly situated, that Defendant Homecomings Financial, LLC *f/k/a* Homecomings Financial Network, Inc. ("Defendant") violated California's Unfair Competition Law, California Business and Professions Code Section 17200 *et seq.* (the

1

1  "UCL"), by engaging in a business pattern and practice of unfairly charging Plaintiff and every other
2  member of the putative class prepayment penalties on residential loans in violation of the terms of
3  Defendant's standard form residential loan agreement.  On May 15, 2008, Defendant filed a motion
4  to dismiss Plaintiff's complaint.  On June 12, 2008, the Court granted Defendant's motion to dismiss
5  but also granted Plaintiff 30 days within which to file an amended complaint.

6        In its June 12, 2008 dismissal order, the Court found that Plaintiff's complaint failed to state
7  a claim under the UCL because it "lack[ed] factual allegations sufficient  'to raise a right to relief
8  above the speculative level' for purposes of a claim under the UCL.  [Dismissal Order, Docket No.
9  13, at 3-4 (quoting Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1974 (2007).]  In
10 dismissing Plaintiff's initial complaint, the Court also noted that the complaint failed to allege
11 Plaintiff's compliance with the grievance resolution procedure required by Plaintiff's loan agreement
12 with Defendant.  [*Id.* at 4.]

13       On June 30, 2008 Plaintiff filed his FAC.  [FAC, Docket No, 14.]  The FAC is substantially
14 longer and more detailed than Plaintiff's original complaint (53 paragraphs of substantive allegations
15 in the FAC as compared to 26 in the original complaint) and also contains a new cause of action for
16 fraud seeking compensatory and punitive damages against Defendant in addition to revamping the
17 previously-dismissed UCL claim.  The FAC also seeks attorney's fees pursuant to California Code
18 of Civil Procedure section 1021.5.  In light of the nature and extent of the new allegations in the
19 FAC, the Parties agreed that Defendant should be provided with more than the 10 court days
20 authorized by Rules 6 and 15(a)(3) of the Federal Rules of Civil Procedure ("FRCP") to adequately
21 respond to the FAC.  Thus, on July 9, 2008, the Parties filed a joint motion seeking court approval of
22 their agreement extending Defendant's response deadline by 30 days [Docket No. 18] and, on July
23 10, 2008, finding good cause thereon, the Court granted the Parties' joint motion and set August 14,
24 2008 as Defendant's new deadline to respond to the FAC.  [Docket No. 19.]

25 **II.    ARGUMENT**

26       CivLR 12.1 provides that "[e]xtensions of time for answering, or moving to dismiss a
27 complaint shall only be secured by obtaining the approval of a judicial officer, who shall base the
28 decision on a showing of good cause."  CivLR 12.1.

1   Here, good cause exists for the Court to grant the requested extension.  Since the Court's
2   granting of the Parties' joint motion extending time on July 10, 2008, the Parties have engaged in
3   extensive settlement negotiations and are currently on the verge of finalizing a settlement that will
4   likely fully resolve this action within the next few days.  In fact, the Parties have exchanged drafts of
5   a proposed settlement agreement and have agreed in principal on most key details including the
6   amount of the settlement payment.  In light of the Parties' diligence in pursuing settlement, good
7   cause exists to further extend by an additional 30 days Defendant's deadline to respond to Plaintiff's
8   FAC, so that Defendant may have time to adequately respond to the FAC in the unlikely event that
9   settlement does not occur.

10   Although the Parties had intended to proceed with this request for extension of time via joint
11   motion pursuant to CivLR 7.2, at the eleventh hour, the Parties reached an impasse with respect to
12   the language and information to be included in the joint motion.  Specifically, Plaintiff has insisted
13   that information regarding the negotiated settlement amount and other settlement details be included
14   in the joint motion.  It is Defendant's position, however, that the specific settlement details are by no
15   means necessary for the Court to rule on the instant request for additional time for Defendant to
16   respond to the FAC in the event settlement does not take place.

17   Because of the Parties' expectation that settlement would be finalized prior to Defendant's
18   August 14, 2008 deadline to respond to the FAC and in light of the unforeseen last minute dispute
19   regarding language to be included in a joint motion seeking a further extension of time for Defendant
20   to respond to the FAC, Defendant now has no other option than to make the present request in ex
21   parte fashion.  Nevertheless, it is Defendant's understanding that Plaintiff does not oppose the fact of
22   Defendant's request for an additional 30 days to respond to Plaintiff's FAC, but merely takes issue
23   with the language that should be included in said request.  Plaintiff's amenability to the extension is
24   yet another reason why good cause exists to grant the instant request.

25   **III.    CONCLUSION**

26   For the foregoing reasons and for good cause shown, Defendant respectfully requests that
27   this Court issue an order further extending Defendant's time to answer or otherwise respond to
28   Plaintiff's FAC by thirty (30) days to September 15, 2008.

**Locke Lord Bissell & Liddell LLP**
300 South Grand Avenue, Eighth Floor
Los Angeles, CA 90071-3119

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA  90071-3119

1  Dated:  August 14, 2008                    Respectfully Submitted,

2                                              LOCKE LORD BISSELL & LIDDELL LLP

3
                                               By:    s/Cory A. Baskin
4                                                     Thomas J. Cunningham
                                                      John M. Hochhausler
5                                                     Simon A. Fleischmann
                                                      Cory A. Baskin
6                                                     Attorneys For Defendant
                                                      HOMECOMINGS FINANCIAL, LLC
7                                                     *f/k/a* HOMECOMINGS FINANCIAL
                                                      NETWORK, INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

MEMORANDUM IN SUPPORT OF EX PARTE MOTION TO FURTHER EXTEND TIME TO RESPOND TO FAC
08 CV 0515 H (NLS)